George BASTIN, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 45A03–8704–CR–95.

Court of Appeals of Indiana,
Third District.

July 21, 1987.

---

George Glendening, Hammond, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Presiding Judge.

George Bastin was tried by jury and was convicted of possession of a schedule IV controlled substance (phenobarbital). He was given a two year suspended sentence and was ordered to spend ten (10) consecutive weekends in the county jail.

He raises three contentions on appeal.

■ First, he claims there was no evidence from which the jury might reasonably have inferred that he knew the pills contained a controlled substance.

We disagree. Bastin was arrested for disorderly conduct and public intoxication. At the police station an inventory search revealed an aspirin tin being carried in Bastin's pocket. In the tin were nine pills which appeared to be of several different types. The tin, itself, appeared used and worn. One of the pills in the tin contained phenobarbital.

Under the circumstances here present, it was reasonable for the jury to infer that Bastin knew what kind of pills he was carrying in a well-used tin in his own pocket. The evidence was not insufficient on this ground.

■ Bastin next contends that the court erred in considering at sentencing a juvenile conviction which was more than twenty years old. While evidence of this conviction was before the court at sentencing, it is clear from the court's order that the information was not used to aggravate the sentence imposed. In fact, the judgment recited in part:

> "[M]itigating circumstances: the defendant has led a law-abiding life for a substantial period before commission of the crime...."

The mere fact that at sentencing the court was made aware of Bastin's prior record does not constitute a ground for reversal. It does not appear that the court

used the existence of the juvenile conviction to in any manner aggravate the seriousness of the offense. No error was committed.

■ Finally, Bastin argues that in securing laboratory analysis of the pills, the state committed a seizure separate from the search of his person. He argues that although the inventory search may have been proper, separate probable cause was necessary to seize the pills. He relies upon *Smith v. State* (1971), 256 Ind. 603, 271 N.E.2d 133 and similar cases which hold that there must be a nexus between the item to be seized and criminal behavior. *See also Maryland Penitentiary v. Hayden* (1967), 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782.

While we do not disagree with the teaching of *Smith v. State*, we find it inapplicable to the present situation. We reject Bastin's assertion that securing laboratory analysis of the pills constitutes a functionally separate seizure for which probable cause was necessary.

As expressed by the Supreme Court in *Illinois v. Lafayette* (1983), 462 U.S. 640, 103 S.Ct. 2605, 77 L.Ed.2d 65, an inventory search as part of a routine administrative procedure incident to booking and jailing a person is a well-defined exception to the warrant requirement. *See also Eguia v. State* (1984), Ind.App., 468 N.E.2d 559, 567 applying the rule in Indiana. The government's interests in a station house search and examination of an arrested person's property include (1) prevention of theft of the property while the person is detained, (2) protection against false claims filed by the arrested person, (3) *preventing injury to the arrested person or others* by the use of belts, knives, drugs, or other items carried on the person, (4) discovering dangerous instrumentalities carried into the jail in innocent looking articles, and (5) inspection of an arrestee's personal property may help in ascertaining or verifying the arrested person's identity. 462 U.S. at 647, 103 S.Ct. at 2610.

Thus, the Court stated:
"Examining all the items removed from the arrestee's person or possession and listing or inventorying them is entirely reasonable administrative procedure. It is immaterial whether the police actually fear any particular package or container; the need to protect against such risks arises independently of a particular officer's subjective concerns."
462 U.S. at 646, 103 S.Ct. at 2609.

Thus, it appears that one of the reasons for authorizing an inventory search is that the arrestee may be carrying some drug or substance which might be used to injure himself or others. In addition, we need not shut our eyes to the government's concern against the bringing of controlled substances into the jail or prison environment simply for illegal use by the arrestee or other prisoners.

Under such circumstances, when an unknown drug or chemical substance is discovered on the arrestee's person as a result of an inventory search, it does not constitute a *separate* seizure within the meaning of the Fourth Amendment when the government submits that substance, or a sample of it, for laboratory analysis. That conduct on the part of government officials is a part of and incidental to the proper conduct of an inventory search.

Furthermore, as expressed in *Illinois v. Lafayette, supra*, it is immaterial to the validity of the search and attendant analysis whether the arresting officer actually believes the discovered substance is contraband.

It follows that the trial court did not err in admitting into evidence the pill or its analysis.

Affirmed.

BUCHANAN, J., concurs.

STATON, J., concurs in result.