Stancel **HAMMOND**, Appellant–
Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 18A05–9201–CR–8.**

Court of Appeals of Indiana,
Fifth District.

June 30, 1992.

Transfer Denied Sept. 3, 1992.

Geoffrey A. Rivers, Muncie, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

RUCKER, Judge.

Following a bench trial Defendant–Appellant Stancel Hammond was found guilty of conspiracy to deal in cocaine as a Class B felony [1] and possession of cocaine as a Class D felony.[2] Hammond now appeals his conviction raising four issues for our review which we rephrase as follows:

1) Did the trial court err in finding that Hammond had waived his right to a trial by jury?

---

1. Ind.Code § 35–41–5–2; Ind.Code § 35–48–4–1.

2. Ind.Code § 35–48–4–6.

2) Did the trial court err in denying Hammond's motion to suppress evidence?

3) Did the trial court err in denying Hammond's motion for a mistrial?

4) Was the evidence sufficient to sustain the convictions?

We affirm.

On March 25, 1991, Officers James Gilliam and Anthony Mench ("the Officers") of the Muncie/Delaware County Drug Task Force were working as undercover narcotics agents in Muncie, Indiana. On that date the Officers were sitting in an unmarked squad car which was parked in the lot of a convenience store.

Stancel Hammond approached the car and asked the Officers if they wanted anything. Gilliam told Hammond they wanted cocaine and gave Hammond $20.00 to purchase a "rock" of the drug. Hammond agreed to obtain the cocaine and left. Shortly thereafter Hammond returned and advised the Officers his supplier was selling rocks of cocaine for $30.00 and $50.00.

As Hammond and the Officers were arguing over price, a female identified as Grace Reynolds approached the squad car. She was familiar with both Gilliam and Mench. Reynolds whispered into Hammond's ear and he immediately began walking away from the car. The police officers then arrested Hammond and transported him to the Delaware County Jail. At the jail Hammond was searched and a cellophane wrapper containing a white powdery substance was discovered in his wallet. The substance was later identified as cocaine in the aggregate weight of .11 grams.

On March 26, 1991, an information was filed against Hammond charging him with conspiracy to deal in cocaine and possession of cocaine. On April 8, 1991, Hammond filed a written request for substance abuse treatment in lieu of prosecution pursuant to Ind.Code § 16–13–6.1–16.[3] The request included the following language: *"The defendant, by making this request ... waives his right to trial by a jury and consents to trial by the Court." Record* at 29 (italics in original). After a pre-trial hearing, the trial court determined that Hammond was eligible for treatment and ordered the Department of Mental Health to evaluate him. After the evaluation the Department declined to accept Hammond for treatment based on its determination that he was unlikely to be rehabilitated. The trial court then denied Hammond's request for treatment and Hammond moved for a jury trial. The motion was denied and over Hammond's objection, the court set this cause for bench trial on August 28, 1991.

At trial the State introduced evidence of the cocaine discovered in Hammond's possession. The trial court denied Hammond's oral motion to suppress the evidence and admitted it over Hammond's objection.

As the trial proceeded, Hammond's mother recognized the trial judge as an attorney who had represented Hammond in various criminal matters during the 1970's, and informed the defense attorney of her recollection. At the conclusion of the State's case, and after the trial court denied Hammond's motion for judgment on the evidence, Hammond moved for a mistrial based on the judge's prior representation. The trial court denied the motion. Ham-

---

**3.** Ind.Code § 16–13–6.1–16 dictates: A drug abuser or alcoholic charged with or convicted of a felony may request treatment under the supervision of the department instead of prosecution or imprisonment, as the case may be, unless:

(1) the offense is a forcible felony or burglary classified as a Class A or Class B felony;
(2) the offense is that of delivering a controlled substance;
(3) the defendant has a record which includes two (2) or more prior convictions for forcible felonies or a burglary classified as a Class A or Class B felony;

(4) other criminal proceedings, not arising out of the same incident, alleging commission of a felony are pending against the defendant;
(5) the defendant is on probation or parole and the appropriate parole or probation authority does not consent to that request; or
(6) the defendant was admitted to a treatment program under section 17 or 18 of this chapter on two (2) prior occasions within the preceding two (2) year period.

An eligible drug abuser or alcoholic may not be admitted to a treatment program, however, unless the authorities concerned consent as set forth in this chapter.

mond was found guilty on both counts and this appeal ensued. Additional facts are recited below where relevant.

## I.

■ Hammond first contends the trial court erred in denying his request for a jury trial. According to Hammond, his purported waiver to trial by jury, which was contained in his Request For Treatment In Lieu Of Prosecution, was made for the sole purpose of obtaining substance abuse treatment. Hammond concludes the waiver was rendered void when the Department declined to accept him for treatment. The State concedes the argument on this issue and joins Hammond in his demand for retrial. We must reject both Hammond's argument and the State's concession.

■■ It is true that the right of a criminal defendant to a jury trial is a fundamental right in the American scheme of justice. *Woodson v. State* (1986), Ind., 501 N.E.2d 409, 411, *reh. denied,* citing *Duncan v. Louisiana* (1968), 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491, *reh. denied.* However, it is equally true the right to a jury trial may be waived if the waiver is made knowingly, intelligently, and voluntarily. *Robey v. State* (1990), Ind., 555 N.E.2d 145. Once the right to a jury trial has been effectively waived, withdrawal of the waiver resides in the sound discretion of the trial court. *Id.*

Admittance into a substance abuse treatment program as an alternative to prosecution is not an automatic result for all eligible criminal defendants who make the request. An otherwise eligible substance abuser will not be admitted to treatment unless the Department agrees to undertake the supervision.[4] Moreover, in order to avail himself of the opportunity to request treatment in lieu of prosecution a defendant must waive his right to a jury trial. Indiana Code § 16–13–6.1–17(a)(5) provides in pertinent part:

> [I]n offering an individual an opportunity to request treatment, the court shall advise him that: ... (5) to make such a

request he must waive a jury trial and consent to a trial by the court....

In the case before us, Hammond's written request specifically indicated that he was waiving his right to trial by a jury. Further, at a hearing on his request for treatment Hammond orally renewed his jury trial waiver in a colloquy with his attorney:

Q. You also understand you waive your right to have a trial by jury and be tried by the bench or the Court alone. It would be the Judge alone without a jury. Do you understand that?

A. Yes, I do.

Q. And you still wish to ask for Treatment in Lieu of Prosecution, is that correct?

A. Yes.

*Record* at 144.

Later in the hearing, the State also examined Hammond concerning his waiver:

Q. Mr. Hammond, do you understand that by making this Request you're giving up your right to a speedy trial?

A. Yes. I want help.

Q. You understand that if the Court refers you for an examination by the Department of Mental Health that you're giving up your right to a jury trial?

A. Yes.

Q. And nevertheless, you're willing to take those—to give up those two (2) rights and go ahead and ask for treatment?

A. Yes. I want treatment.

Q. Do you know that even if the Department of Mental Health won't take you, you've give [sic] up those rights?

A. I don't know but I need help.

Q. You still want to, even knowing that, do you still want help?

A. Yes.

Q. Are you still asking the Court for treatment?

4. *See, supra,* note 3.

Q. Yes.

*Record* at 147–48.

Hammond's waiver of his right to trial by jury is clear. There has been no suggestion made, nor does the record reflect, that Hammond did not understand his right to a jury trial or the effect of his waiver in light of his request for treatment. Hammond not only waived his right to a jury trial in his written request for treatment, but at the hearing as well. The record shows Hammond understood he was waiving his right to a jury trial even if the Department did not accept him for substance abuse treatment.

In support of his argument Hammond cites *Williams v. State* (1974), 159 Ind.App. 470, 307 N.E.2d 880. In that case Williams waived his right to trial by jury as part of a plea bargain agreement which was never completed. When the State was unable to fulfill the plea bargain, Williams sought to withdraw his waiver, but the trial court refused to allow him to do so. He was found guilty after a bench trial. On appeal, we reversed holding the trial court abused its discretion in failing to consider whether the waiver was based upon a promise by the prosecutor. We also determined the trial court should have permitted Williams to withdraw his waiver of jury trial.

Hammond argues the facts in *Williams* are analogous to the facts in the case before us. Hammond insists Williams' waiver of jury trial was prompted by a desire to enter a plea agreement which ultimately did not materialize and in this case Hammond's waiver of jury trial was prompted by a desire to obtain treatment in lieu of prosecution which also did not ultimately materialize.

We have no quarrel with *Williams;* however, its rationale does not apply here. In that case the determinative factor concerned Williams' waiver being induced by the State's unfulfilled promises. Here, Hammond was never promised treatment, but only advised that he was eligible for treatment and would be evaluated by the Department. Pursuant to statute, Hammond's waiver of a jury trial was not a

royal road to such treatment but, rather, a statutorily required precondition for Hammond to enter the administrative process which might lead to treatment. The plain meaning of the language of I.C. § 16–13–6.1–17(a)(5), "to make such a request he must waive a jury trial," admits of no other conclusion.

Hammond's waiver of his right to trial by jury was made knowingly, intelligently and voluntarily. The trial court did not abuse its discretion in refusing to allow Hammond to withdraw the waiver. We find no error.

## II.

▪ Hammond next contends the trial court erred in denying his motion to suppress as evidence the cocaine seized from his wallet. According to Hammond, undercover officers did not have sufficient probable cause to arrest him. Therefore, concludes Hammond, the evidence discovered during the jail search was the product of an unlawful arrest. We disagree.

▪ Police officers may make a warrantless arrest in a public place if they have probable cause to believe the suspect has committed a felony. *Collins v. State* (1987), Ind. 509 N.E.2d 827. Probable cause for arrest exists when the facts and circumstances known to the arresting officer would warrant a reasonable person to believe that the defendant committed the criminal act in question. *DiTommaso v. State* (1991), Ind., 566 N.E.2d 538. The amount of evidence needed to satisfy the probable cause test must be determined on a case-by-case basis. *Id.*

▪ The gravamen of a conspiracy offense is the agreement between two or more persons to commit an unlawful act. *Phares v. State* (1987), Ind.App., 506 N.E.2d 65. Here, Hammond explicitly agreed to sell and the Officers agreed to purchase cocaine, a controlled substance. In furtherance of that agreement Hammond accepted $20.00 from Officer Gilliam. From these facts the Officers had probable cause to arrest Hammond for conspiracy to deal in cocaine.

Once a suspect has been lawfully arrested, a reasonable search of the arrestee's person may be conducted in order to protect the officer and prevent the destruction of evidence by the arrestee. *Jones v. State* (1984), Ind.App., 467 N.E.2d 1236. Evidence resulting from a search incident to a lawful arrest is admissible at trial. *Green v. State* (1984), Ind., 461 N.E.2d 108. Because the arrest in this case was lawful the custodial search was also lawful. Moreover, simply because the wallet was not searched until Hammond arrived at the police station does alter the fact that the search was incident to the arrest. *See Chambers v. State* (1981), Ind., 422 N.E.2d 1198. The trial court did not err in denying Hammond's motion to suppress the evidence obtained from the search and admitting the evidence over Hammond's objection.

### III.

Hammond next contends the trial judge erred in failing to disqualify himself and declare a mistrial because as a lawyer the trial judge had represented Hammond in several criminal cases during the 1970's. In support of his argument Hammond cites *State ex rel Wright v. Morgan County Court* (1983), Ind., 451 N.E.2d 316 and *Calvert v. State* (1986), Ind.App., 498 N.E.2d 105. Neither case provide Hammond any refuge.

Both *Wright* and *Calvert* stand for the proposition that if a trial judge has previously participated in an action by representing one of the parties, then he must disqualify himself from a proceeding in that same action. Under those circumstances, the defendant need not demonstrate actual prejudice. Here, the record reveals the trial judge represented Hammond in unrelated criminal cases some twelve years or more before the trial of this cause.

The law presumes that a judge is unbiased in the matters which come before him. *Willis v. State* (1987), Ind.App., 512 N.E.2d 871, *trans. denied.* A judge's prior representation of a defendant in an unrelated criminal matter does not mandate reversal of a conviction absent a showing of actual prejudice. *Harden v. State* (1989), Ind.App., 538 N.E.2d 244. In the case before us Hammond has failed to demonstrate actual prejudice. The trial judge did not err in failing to disqualify himself and declare a mistrial.

### IV.

Finally, Hammond argues the evidence is insufficient to sustain either his conviction for conspiracy to deal in cocaine or his conviction for possession of cocaine.

Indiana Code § 35–41–5–2 dictates in relevant part:

(a) A person conspires to commit a felony when, with the intent to commit the felony, he agrees with another person to commit the felony ...

(b) The state must allege and prove that either the person or the person with whom he agreed performed an overt act in furtherance of the agreement.

According to Hammond, the State failed to show he intended to deliver cocaine to the Officers. Hammond contends he merely "beat" the police out of $20.00, purchased cocaine for his own consumption, and was attempting to beat the police out of an additional $30.00, but was arrested before his goal was accomplished.

Hammond's argument amounts to an invitation for this court to reweigh the evidence. We decline the invitation. In reviewing a claim of sufficiency of the evidence our standard of review is well-settled. We will neither reweigh the evidence nor judge the credibility of witnesses. We examine only the evidence most favorable to the State along with all reasonable inferences to be drawn therefrom and if there is substantial evidence of probative value to support the conviction, it will not be set aside. *Litel v. State* (1988), Ind., 527 N.E.2d 1114.

Here the record reveals Hammond approached an unmarked squad car and asked the Officers if they needed anything. Officer Gilliam requested cocaine and gave Hammond $20.00 for the purchase. Hammond left the car, returned momentarily,

and advised the Officers that his supplier was selling cocaine for either $30.00 or $50.00 per rock.

 Intent is a mental state and therefore a trier of fact may resort to reasonable inferences based upon an examination of the surrounding circumstances to determine if the requisite intent exists. *Mitchell v. State* (1990), Ind. 557 N.E.2d 660. Here, Hammond's intent to deliver cocaine to the Officers could have been reasonably inferred by the trier of fact from the evidence of Hammond's overt act in furtherance of the agreement, namely: accepting money from the Officers for the ostensible purpose of obtaining cocaine, and returning to negotiate a higher price. The trial court was not obligated to believe Hammond's testimony that he was merely attempting to obtain money from the Officers through a fraudulent scheme.

Apparently, Hammond never delivered the drugs to the Officers. However, the failure of delivery merely demonstrates the underlying offense was not committed. A conspiracy is a criminal agreement between two or more persons, the object of which is the commission of a felony. There is no requirement that the underlying felony actually be committed or even attempted. *Taylor v. State* (1981) Ind., 425 N.E.2d 141. The evidence was sufficient to sustain Hammond's conviction for conspiracy to deal in cocaine.

Hammond's challenge to the sufficiency of the evidence on the possession charge must also fail. Hammond contends the State failed to introduce any evidence that he knew the small amount of white powder in his wallet was cocaine. According to Hammond, he found a small envelope containing powder laying on the ground and thought the powder was baking soda. We remain unpersuaded.

The "knowing" possession of a drug concerns the defendant's mental state. Therefore, the trier of fact is entitled to make reasonable inferences based upon an examination of the surrounding circumstances. *Kail v. State* (1988), Ind.App., 528 N.E.2d 799, 809, *trans. denied.* Here, in light of Hammond's trial testimony that he had consumed cocaine on the day of his arrest, the fact finder could have reasonably inferred Hammond knew the nature of the powder seized from his wallet. *See Bastin v. State* (1987), Ind.App., 510 N.E.2d 229.

Judgment affirmed.

BARTEAU and MILLER, JJ., concur.