Carlton McCLENDON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 02A03–9603–CR–104.

Court of Appeals of Indiana.

Oct. 15, 1996.

Steven J. Glaser, Fort Wayne, for Appellant.

Pamela Carter, Attorney General of Indiana, Andrew L. Hedges, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

STATON, Judge.

Carleton McClendon ("McClendon") was convicted by a jury of possession of cocaine, a class D felony.[1] On appeal McClendon raises two issues, which we restate:

(1) Whether there was sufficient evidence to support his conviction; and

(2) Whether his conviction is against the weight of the evidence.

We affirm.

On March 3, 1995, at about 3:00 a.m., Fort Wayne police stopped the car in which McClendon was a passenger. The driver of the car was arrested for outstanding warrants, requiring police to tow the vehicle. Police asked McClendon to exit the vehicle so that it could be towed. When McClendon stepped out of the car he dropped a baggie of

---

1. IND.CODE § 35–48–4–6: "(a) A person who, without a valid prescription or order of a practitioner acting in the course of his professional practice, knowingly or intentionally possesses co- caine (pure or adulterated) or a narcotic drug (pure or adulterated) classified in schedule I or II commits possession of cocaine or a narcotic drug, a Class D felony ..."

cocaine on the street. McClendon was subsequently arrested and convicted for possession of cocaine.

## I.

### Sufficiency of the Evidence

McClendon produced the driver of the car as a witness at trial, who testified that the cocaine McClendon dropped in the street actually belonged to the driver. The driver testified that when he saw police he handed the cocaine to McClendon and told McClendon to get rid of it. According to the driver, McClendon only possessed the cocaine for about twenty minutes before dropping the cocaine on the street.

"Possession of a controlled substance may be actual or constructive." *Hutcherson v. State*, 178 Ind.App. 8, 381 N.E.2d 877, 879 (1978). "Actual possession means exactly what it implies, *i.e.*, actual physical control." *Corrao v. State*, 154 Ind. App. 525, 290 N.E.2d 484, 487 (1972). "Actual possession is shown where there is a showing the accused has an intent and capability of maintaining dominion and control over the contraband item." *Wilburn v. State*, 442 N.E.2d 1098, 1101 (Ind.1982), *reh. denied*, (citations omitted). McClendon does not deny he had actual physical possession of the cocaine. Instead McClendon contends that the testimony of his witness should have been interpreted by the jury to establish the defense that McClendon did not have time to terminate his possession.[2]

When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Jordan v. State*, 656 N.E.2d 816, 817 (Ind.1995), *reh. denied*. We look to the evidence and the reasonable inferences therefrom that support the verdict. *Id.* The conviction will be affirmed if evidence of probative value exists from which a jury could find the defendant guilty beyond a reasonable doubt. *Id.*

McClendon presented his defense theory, through his witness, for consideration by the jury. After having heard this defense evidence, the jury deliberated, weighed all the evidence, and convicted. It is the function of the trier of fact to "determine the weight of the evidence and the credibility of the witnesses. The trier of fact is free to believe or disbelieve witnesses, as it sees fit." *Moore v. State*, 637 N.E.2d 816, 822 (Ind.Ct. App.1994), *trans. denied, cert. denied,* —— U.S. ——, 115 S.Ct. 1132, 130 L.Ed.2d 1093 (1995) (citing *Hall v. State*, 634 N.E.2d 837 (Ind.Ct.App.1994)). "The jury is free to believe whomever they wish." *Michael v. State*, 449 N.E.2d 1094, 1096 (Ind.1983). *See also Hammond v. State*, 594 N.E.2d 509, 515 (Ind.Ct.App.1992), *trans. denied*, ("The trial court was not obligated to believe Hammond's testimony ..."). McClendon "asks us to reweigh the evidence and reweigh the credibility of the witnesses, and this we will not do." *Moore, supra*, at 822.

The judicial restraint our standard of review imposes not withstanding, McClendon's argument fails on its merits. McClendon asserts that in order to protect a friend he accepted possession of the cocaine only for the purpose of concealing the cocaine from police. McClendon portrays himself as a good Samaritan who should not be punished for his kind deed. The law, however, criminalizes knowing possession. "True ownership," as perhaps evidenced by a deed of ownership or certificate of title, is not an element of the crime. Thus, a drug courier or drug dealer falls within the purvey of IC 35–48–4–6; it is no defense that they are delivering or selling drugs that "really" belong to someone else. Likewise, it is no defense for McClendon to assert that he had possession of the cocaine only to hide it from police and it was not "really" his cocaine. IC 35–41–2–1 does not provide a defense for those who knowingly possess illicit drugs in order to aid someone else's illegal drug sales or use. Rather, IC 35–41–2–1 provides a defense for those unwittingly duped into possession of illegal drugs because such drugs have been planted on their person or hidden on their property without their knowledge.

2. IND.CODE § 35–41–2–1: "(b) If possession of property constitutes any part of the prohibited conduct, it is a defense that the person who possessed the property was not aware of his possession for a time sufficient for him to have terminated his possession."

McClendon's use of this defense, therefore, is inappropriate.

 McClendon also argues for the first time on appeal that he was not aware that the substance in the baggie was cocaine, and that insufficient evidence was presented at trial to establish that his possession was knowing. An issue cannot be raised for the first time on appeal. *Lock v. State*, 567 N.E.2d 1155, 1160 (Ind.1991), *cert. denied*, 503 U.S. 991, 112 S.Ct. 1686, 118 L.Ed.2d 400 (1992). This is especially true where it appears from the record that this issue was deliberately avoided at trial as a conscious trial tactic to prevent the prosecution from entering McClendon's prior conviction for possession of cocaine into evidence. Record, p. 121. This waiver not withstanding, McClendon's argument fails on its merits.

 "Intent is a mental state and therefore a trier of fact may resort to reasonable inferences based upon an examination of the surrounding circumstances to determine if the requisite intent exists." *Hammond, supra*, at 515. "The knowing possession of a drug concerns the defendant's mental state. Therefore, the trier of fact is entitled to make reasonable inferences based upon an examination of the surrounding circumstances." *Id. See also Collins v. State*, 549 N.E.2d 89 (Ind.Ct.App.1990), *trans. denied*. McClendon asks us once again to ignore the jury's sifting of evidence and determinations of fact. McClendon's "plea ... is merely an invitation for this court to engage in the forbidden reweighing of evidence." *Woods v. State*, 640 N.E.2d 1089, 1091 (Ind.Ct.App. 1994). This we will not do.

### II.

#### Against the Weight of the Evidence

 McClendon next contends that the verdict of guilty is against the weight of the evidence. We will disturb a judgment as being against the weight of the evidence only where all the evidence adduced at trial leads inalterably to but one conclusion, and the judgment below is contrary to that conclusion. *Hughes v. State*, 510 N.E.2d 741, 743–744 (Ind.Ct.App.1987). McClendon relies on the same argument advanced for a reversal due to insufficiency of the evidence to support his claim that the jury verdict is against the weight of the evidence.

 The only evidence in the record is that McClendon had actual possession of the cocaine. McClendon's own witness testified that McClendon had possession of the cocaine for approximately twenty minutes, and the arresting officer testified that he saw McClendon drop a baggie of cocaine from his hand to the street. This uncontradicted evidence does not erode confidence in the jury verdict. Quite the opposite, all the evidence supports the conclusion that McClendon had possession of the cocaine.

Affirmed.

GARRARD and ROBERTSON, JJ., concur.