**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**THOMAS W. VANES**
Office of the Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SYLVESTER SMITH, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1310-CR-402 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Thomas P. Stefaniak, Jr., Judge
Cause No. 45G04-1009-FB-89

**May 22, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

On September 16, 2010, during an alleged verbal confrontation, Appellant-Defendant Sylvester Smith threw liquid drain cleaner in Don Scott's face and struck Scott with a machete. Two days later, on September 18, 2010, Appellee-Plaintiff the State of Indiana (the "State") charged Smith with one count of Class B felony attempted aggravated battery and two counts of Class C felony battery. On March 4, 2013, the trial court conducted a jury trial on the matter. Smith did not dispute during trial that he threw liquid drain cleaner in Scott's face or that he struck Scott with a machete, but claimed that he did so in self-defense. The State, for its part, presented eyewitness testimony which rebutted Smith's claim of self-defense. Following trial, the jury found Smith guilty of three counts of the lesser-included charge of Class D felony criminal recklessness. On the State's motion, the trial court merged the three counts into a single criminal conviction. The trial court then sentenced Smith to a one-year term of imprisonment in the Department of Correction ("DOC").

Smith challenges his conviction on appeal by arguing that the trial court erroneously instructed the jury on his claim of self-defense. We affirm, concluding that any potential error in instructing the jury was harmless in light of the eyewitness testimony that sufficiently rebutted Smith's claim of self-defense and established Smith's guilt.

**FACTS AND PROCEDURAL HISTORY**

According to the facts most favorable to the jury's verdict, at approximately 3:00 p.m. on September 16, 2010, Scott went to Smith's residence to speak to Smith about an on-going dispute between their daughters. Around this time, Scott's wife, Diane Gray-Scott,

2

separately approached Smith's residence and observed Smith and Scott speaking to each other in Smith's driveway. Also around this time, Gary Police Officer Jeffery Tatum was passing Smith's residence in his police vehicle and noticed Smith and Scott standing in the driveway, approximately ten or fifteen feet away from Smith's garage, engaged in "what appear[ed] to be a verbal altercation." Tr. p. 130.

Gray-Scott and Officer Tatum observed Smith throw liquid from a jar in Scott's face as Scott "turned to walk away." Tr. p. 130. Gray-Scott and Officer Tatum also observed Smith strike Scott on the arm with a machete. After observing the attack on Scott, Officer Tatum approached Scott and Smith, drew his weapon, and ordered Smith to drop the machete. Smith did not initially comply with Officer Tatum's request, but instead took a few steps toward Officer Tatum. However, Smith eventually complied with Officer Tatum's repeated requests after Officer Tatum threatened to shoot if Smith did not drop the machete.

The liquid that Smith threw in Scott's face was subsequently determined to be "an extremely caustic solution containing sodium hydroxide," which is commonly found in liquid drain cleaner. As a result of the attack, Scott suffered chemical burns, patches of hair loss, and two cuts on his upper arm. Scott testified that the liquid caused a burning sensation and that he "could feel skin from [his] jaw, [his] gum, [his] tongue [ ] burning." Tr. p. 35. Scott further testified that he was "spitting up what he could see [were] little pieces of skin and blood." Tr. p. 35.

On September 18, 2010, the State charged Smith with one count of Class B felony attempted aggravated battery and two counts of Class C felony battery. Smith did not dispute

3

during trial that he threw liquid drain cleaner in Scott's face or that he struck Scott with a machete, but claimed that he did so in self-defense. The State, for its part, presented eyewitness testimony which rebutted Smith's claim of self-defense.

Following trial, the jury found Smith guilty of three counts of Class D felony criminal recklessness, which is a lesser-included offense of each of the charged offenses. On the State's motion, the trial court merged the three convictions into a single conviction for criminal recklessness and sentenced Smith to one year in the DOC. This belated appeal follows.

## DISCUSSION AND DECISION

Smith contends that the trial court abused its discretion in instructing the jury. For its part, the State argues that the trial court did not abuse its discretion in instructing the jury. The State also argues that even if the trial court did abuse its discretion in instructing the jury, any potential error was harmless in light of the eyewitness testimony rebutting Smith's claim of self-defense and establishing Smith's guilt.

> "The purpose of a jury instruction 'is to inform the jury of the law applicable to the facts without misleading the jury and to enable it to comprehend the case clearly and arrive at a just, fair, and correct verdict.'" *Dill v. State*, 741 N.E.2d 1230, 1232 (Ind. 2001) (quoting *Chandler v. State*, 581 N.E.2d 1233, 1236 (Ind. 1991)). Instruction of the jury is left to the sound judgment of the trial court and will not be disturbed absent an abuse of discretion. *Schmidt v. State*, 816 N.E.2d 925, 930 (Ind. Ct. App. 2004), *trans. denied*. Jury instructions are not to be considered in isolation, but as a whole and in reference to each other. *Id.* The instructions must be a complete, accurate statement of the law which will not confuse or mislead the jury. *Id.* at 930-31. Still, errors in the giving or refusing of instructions are harmless where a conviction is clearly sustained by the evidence and the jury could not properly have found otherwise. *Id.* at 933 (citing *Dill*, 741 N.E.2d at 1233).

4

*Williams v. State*, 891 N.E.2d 621, 630 (Ind. Ct. App. 2008).

With regard to Smith's claim of self-defense, the trial court instructed the jury as follows:

INSTRUCTION NO. 20

It is well settled that a defendant need only raise the issue of self-defense so that a reasonable doubt exists. The State then carries the burden of negating the presence of one or more of the necessary elements of self-defense.
1. That the defendant acted without fault;
2. Was in a place where he had a right to be in relation to his alleged assailant; or
3. Acted in reasonable fear or apprehension of death or great bodily harm.

The questions concerning the existence of the imminent use of unlawful force, the necessity or apparent necessity of using force, as well as the amount of force necessary to repel an attack, can be determined only from the standpoint of the defendant at the time and under all existing circumstances. In the exercise of self-defense, the defendant ordinarily is required to act immediately, without time to deliberate and investigate. In such circumstances, the danger which exists only in appearance is to him as real and imminent as if it were actual. The important inquiry is: Was the danger actual to the defendant's comprehension? It is not whether an injury was actually intended by the assailant, but whether it presented a danger from the defendant's point of view under the circumstances.

Tr. pp. 333-34; Appellant's App. p. 108.

INSTRUCTION NO. 23

It is an issue whether the defendant acted in defense of his dwelling.

A person may use reasonable force, including deadly force, against another person, and does not have a duty to retreat, if he reasonably believes that the force is necessary to prevent or terminate the person's unlawful entry of or attack on his dwelling.

The State has the burden of proving beyond a reasonable doubt that the defendant did not act in defense of his dwelling.

Tr. p. 336; Appellant's App. p. 111.

INSTRUCTION NO. 24

Threats alone are not sufficient to justify the use of deadly force under a claim

of self-defense.[1]

Tr. p. 336; Appellant's App. p. 112.

Smith does not challenge Instructions Twenty or Twenty-three on appeal. Smith only challenges Instruction Twenty-four, claiming that the instruction was incomplete and misleading as it did not differentiate between physical or verbal threats. However, we need not determine whether the challenged instruction was incomplete or misleading, as any potential error was, at most, harmless in light of the eyewitness testimony which rebuts Smith's claim of self-defense and establishes Smith's guilt.

Again, Smith did not dispute that he threw liquid drain cleaner in Scott's face or that he struck Scott with a machete at trial, but claimed that he did so in self-defense. In claiming that he acted in self-defense, Smith asserted that his encounter with Scott occurred inside of Smith's garage and that he believed the attack was necessary to get out of the garage and to prevent his own death. Smith asserted that he was working on a sink in his garage when he was startled by a male voice saying, "I want to talk to you, because I'm tired of … having to talk to you about disrespecting my wife and my children." Tr. p. 220. Smith further asserted that when he turned toward the voice, he saw Scott standing inside of his garage. Smith stated that Scott then came further into his garage, "stepped" to him, and "shoved his finger into [Smith's] chest." Tr. p. 224. Smith noted that Scott was younger and larger than himself

---

[1] We note that the verbal instruction given to by the trial court correctly states "Threats alone" while the written copy of the trial court's instruction includes a typographical error and reads "Threats along." We further note that the transcript of the verbal instruction also includes the hyphen between the words "self" and "defense" while the written copy of the trial court's instruction does not.

6

and indicated that he believed that Scott "could have killed [him] and wouldn't nobody know it because could [sic] nobody see in [his] garage." Tr. p. 224. Smith asserted that Scott threatened to kill him and that he believed that he would be dead if he did not get past Scott and "out of [the] garage." Tr. p. 228. Smith reiterated his claim that the entire encounter occurred inside of his garage, stating that Scott was still in the doorway of the garage when he was hit with the machete. However, contrary to Smith's claims, the State presented eyewitness testimony which rebutted Smith's assertion that the encounter between Scott and Smith occurred inside Smith's garage.

During trial, the State offered the eyewitness testimony of Gray-Scott and Officer Tatum. Both Gray-Scott and Officer Tatum testified that the encounter between Scott and Smith occurred in the driveway outside of Smith's garage. Officer Tatum specified that the encounter occurred approximately ten or fifteen feet away from Smith's garage. Officer Tatum also testified that he observed that Scott began to turn away from Smith before Smith threw the liquid in Scott's face and struck Scott with the machete.

Both Gray-Scott's and Officer Tatum's testimony is sufficient rebut Smith's claims that the encounter between he and Scott occurred in Smith's garage and, accordingly, that he acted in self-defense in an attempt to get past Scott and out of the garage. The jury, acting as the trier of fact, was free to believe or disbelieve these accounts of the encounter between Scott and Smith as it saw fit. *See Thompson v. State*, 804 N.E.2d 1146, 1149 (Ind. 2004); *McClendon v. State*, 671 N.E.2d 486, 488 (Ind. Ct. App. 1996); *Moore v. State*, 637 N.E.2d 816, 822 (Ind. Ct. App. 1994), *trans. denied*. The jury's determination that Smith was guilty

7

of the lesser-included offense of Class D felony criminal recklessness clearly indicates that the jury believed Gray-Scott's and Officer's Tatum's accounts and did not believe Smith's account. As such, we conclude that any potential error stemming from the trial court's instructions to the jury relating to Smith's claim of self-defense was, at most, harmless because Gray-Scott's and Officer Tatum's testimony sufficiently rebuts Smith's self-defense claim and establishes Smith's guilt. *See Williams*, 891 N.E.2d at 630.

The judgment of the trial court is affirmed.

RILEY, J., and ROBB, J., concur.