**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**BARBARA J. SIMMONS**
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CLIFFORD MOSLEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1311-CR-983 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Linda E. Brown, Judge
The Honorable Christina Klineman, Commissioner
Cause No. 49F10-1301-CM-6146

**June 27, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

## CASE SUMMARY

On January 26, 2013, Appellant-Defendant Clifford Mosley crashed his vehicle into a building on East Washington Street. He subsequently crashed his vehicle into a RV travel trailer that was sitting in the parking lot of the apartment complex where Mosley lived. Appellee-Plaintiff the State of Indiana (the "State") subsequently charged Mosley with a number of charges, including Class A misdemeanor operating a vehicle while intoxicated ("OWI") in a manner that endangers a person. Following a bench trial, the trial court found Mosley guilty of the charge of Class A misdemeanor OWI in a manner than endangers a person. On appeal, Mosley contends that the evidence is insufficient to sustain his conviction.

We affirm.

## FACTS AND PROCEDURAL HISTORY

At approximately 4:30 p.m. on January 26, 2013, Indianapolis Metropolitan Police Officers Christopher Dickerson and Jordan Lewis responded to a report that a black SUV had crashed into a building located at 5223 East Washington Street (the "Washington Street crash"). When Officers Dickerson and Lewis arrived at the scene of the Washington Street crash, they observed that the front of the building in question had suffered significant structural damage. Officers Dickerson and Lewis further observed that despite the fact that the SUV had left the scene, various parts of the SUV, including a head light, a bumper, some reflective pieces, and some under-carriage pieces, had been left behind. While on the scene of the Washington Street crash, Officers Dickerson and Lewis received an anonymous tip

2

that the SUV involved in the Washington Street crash was located about three blocks away at an apartment complex located at 222 South Downey Avenue.

Upon arriving at 222 South Downey Avenue, Officers Dickerson and Lewis located a black SUV in the parking lot that matched the description of the vehicle involved in the Washington Street crash. The SUV was positioned sideways against a R.V. travel trailer. The tire tracks in the snow were fresh and suggested that the SUV had skidded sideways and crashed into the trailer. The SUV had damage on the front and side and was missing a head light and several pieces of its bumper.

After determining that the SUV belonged to Mosley, Officers Dickerson and Lewis went to Mosley's apartment[1] to speak to Mosley. When Mosley opened the door, Officers Dickerson and Lewis observed that Mosley appeared to be intoxicated. Specifically, Officers Dickerson and Lewis observed that Mosley (1) appeared to be leaning on his furniture for support; (2) had heavily slurred speech; (3) had red, watery, bloodshot, and glassy eyes; (4) was swaying in circles; (5) was difficult to understand; and (6) had a "very strong odor of alcoholic beverage coming from his breath and person." Tr. p. 31. Officer Dickerson also observed that Mosley had a difficult time retrieving his driver's license as he tried to answer questions about his name and date of birth.

Officer Lewis informed Mosley of his rights under *Miranda*[2], including the right to have an attorney present during any interview with or questioning by police. Mosley waived

---

[1] Mosley lived in an apartment located in the apartment complex located at 222 South Downey Avenue.

[2] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

his rights and Officer Dickerson conducted an interview with Mosley. During this interview, Mosley told Officer Dickerson that he had

> three (3) or four (4) beers. He had driven on Washington [Street] and tried to make a left turn …south on Downey, lost control of the vehicle because of the slippery conditions, and struck the building. He stated that he had left his information on the scene and then he struck his travel trailer when he was coming home.

Tr. p. 30. Mosley also told Officer Dickerson that "nobody else had access to his vehicle, nor did anybody else have the keys to his vehicle." Tr. p. 39. Officer Dickerson then read Mosley the Indiana Implied Consent notification. Mosley consented to submit to a blood draw and was transported to Wishard Hospital. Subsequent testing on Mosley's blood revealed that Mosley's alcohol concentration equivalent ("ACE") was .20 grams of alcohol per 100 milliliters.

On January 29, 2013, the State charged Mosley with Count I, Class A misdemeanor OWI in a manner that endangers a person; Count II, Class A misdemeanor OWI with an ACE of at least .15 grams of alcohol per 100 milliliters; and Count III, Class B misdemeanor failure to stop after accident causing damage to property other than a vehicle. The trial court conducted a bench trial on November 4, 2013. During trial, Officers Dickerson and Lewis testified to their observations at the Washington Street and South Downey Avenue crash scenes as well as their interactions with Mosley. At the conclusion of the State's presentation of evidence, the trial court, at Mosley's request, dismissed Counts II and III. The trial court subsequently found Mosley guilty of Count I and sentenced him to twenty days at the Marion County Jail, with twelve days credit, followed by 250 days on home detention. The trial

4

court also ordered that Mosely's driver's license be suspended for a period of two years. This appeal follows.

## DISCUSSION AND DECISION

Mosley contends that the evidence is insufficient to sustain his conviction for Class A misdemeanor OWI in a manner that endangers a person. In raising this contention, Mosley does not challenge the sufficiency of the evidence to prove either intoxication or the endangerment element. Instead, Mosley argues that the State failed to present sufficient evidence to prove that he operated the SUV.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (citations, emphasis, and quotations omitted). "In essence, we assess only whether the verdict *could* be reached based on reasonable inferences that may be drawn from the evidence presented." *Baker v. State*, 968 N.E.2d 227, 229 (Ind. 2012) (emphasis in original). Upon review, appellate courts do not reweigh the evidence or assess the credibility of the witnesses. *Stewart v. State*, 768 N.E.2d 433, 435 (Ind. 2002).

5

In order to prove that Mosley committed the charged offense, the State was required to prove that Mosley operated the SUV while intoxicated "in a manner that endangers a person." Ind. Code § 9-30-5-2. The State may prove intoxication by evidence of "(1) the consumption of significant amounts of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; (6) failure of field sobriety tests; [or] (7) slurred speech." *Staley v. State*, 895 N.E.2d 1245, 1251 (Ind. Ct. App. 2008), *trans. denied*. To prove endangerment, the State must prove that Mosley operated the SUV in a condition or manner that *could* have endangered any person, including the public, the police, or himself. *Outlaw v. State*, 918 N.E.2d 379, 381 (Ind. Ct. App. 2009).

In support of his claim that the evidence is insufficient to prove that he operated the SUV, Mosely relies on his own testimony at trial that his then-girlfriend was driving the SUV when it struck the building and the RV travel trailer, but that she "fled the scene" because of outstanding warrants for her arrest. Tr. p. 62. The trial court, however, acting as the trier-of-fact, was free to believe or disbelieve Mosley's self-serving testimony regarding who was driving the SUV and to weigh said testimony accordingly. *See Thompson v. State*, 804 N.E.2d 1146, 1149 (Ind. 2004); *McClendon v. State*, 671 N.E.2d 486, 488 (Ind. Ct. App. 1996); *Moore v. State*, 637 N.E.2d 816, 822 (Ind. Ct. App. 1994), *trans. denied*.

During trial, the trial court heard evidence that when Officers Dickerson and Lewis first encountered Mosley, they observed that Mosley (1) appeared to be leaning on his furniture for support; (2) had heavily slurred speech; (3) had red, watery, blood shot, and

glassy eyes; (4) was swaying in circles; (5) was very difficult to understand; and (6) had a "very strong odor of an alcoholic beverage coming from his breath and person." Tr. p. 31. Officer Dickerson testified that during his and Officer Lewis's investigation, Mosley stated that he had

> three (3) or four (4) beers. He had driven on Washington [Street] and tried to make a left turn …south on Downey, lost control of the vehicle because of the slippery conditions, and struck the building. He stated that he had left his information on the scene and then he struck his travel trailer when he was coming home.

Tr. p. 30. Officer Dickerson further testified that Mosley stated that "nobody else had access to his vehicle, nor did anybody else have the keys to his vehicle." Tr. p. 39.

Mosley's statements to Officer Dickerson are more than sufficient to support a finding that Mosley operated the SUV. As such, we conclude that the evidence is sufficient to sustain Mosley's conviction for Class A misdemeanor OWI in a manner than endangers a person. Mosley's claim to the contrary merely amounts to an invitation for this court to reweigh the evidence, which we will not do. *See Stewart*, 768 N.E.2d at 435.

The judgment of the trial court is affirmed.

RILEY, J., and ROBB, J., concur.