**Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**BARBARA J. SIMMONS**
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHARLES HOWLETT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1312-CR-1024 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Clark H. Rogers, Judge
Cause No. 49F25-1305-FD-32141

**July 21, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

On April 14, 2013, Indianapolis Metropolitan Police Officer Joel Anderson responded to an emergency call at the residence of Jeffrey Hack. When Officer Anderson arrived at the scene, Hack reported that his neighbor, Appellant-Defendant Charles Howlett, had come onto his patio and lit a plastic chair on fire. Once the chair caught fire, Howlett shoved the burning chair up against the back door to Hack's residence before walking away.

Appellee-Plaintiff the State of Indiana (the "State") subsequently charged Howlett with Class D felony criminal recklessness, Class D felony obstruction of justice, Class D felony intimidation, and Class B misdemeanor criminal mischief. At Howlett's request, the trial court dismissed the obstruction of justice and intimidation charges. Following a bench trial, the trial court found Howlett not guilty of Class D felony criminal recklessness, but guilty of Class B misdemeanor criminal mischief. The trial court subsequently imposed a 180-day sentence and ordered Howlett to pay $20.00 in restitution to Hack. On appeal, Howlett contends that the State did not present sufficient evidence to sustain his conviction for Class B misdemeanor criminal mischief. We affirm.

**FACTS AND PROCEDURAL HISTORY**

During the evening of April 14, 2013, Hack was home in his bedroom watching television. At some point, Hack heard a noise coming from his backyard and realized that someone was rustling around on his patio. Hack then walked to his kitchen. While in his kitchen, Hack saw the outside motion-detecting lights turn on. Hack looked out into his backyard and observed that Howlett, whom he could see clearly, was trying to set a plastic

2

chair on fire. Although Howlett was initially unable to set the chair on fire, he eventually succeeded. After the chair caught fire, Howlett "shoved" the burning chair up against Hack's back door before quickly walking away in the direction of the alley. Tr. p. 29. Hack reported the fire to his neighbor, Carl Miller, in addition to the Indianapolis Fire Department. Fearing that Hack's home might catch on fire, Carl and his son, Shawn, ran to Hack's home, grabbed the chair, and threw it out onto the lawn.

The plastic chair belonged to Hack and had been on his back patio. Hack had not spoken to Howlett on that day and did not give Howlett permission to set the chair on fire. Hack and Howlett had an acrimonious relationship.[1] At the time, Howlett was suing Hack in federal court, and a hearing in that case was scheduled for the following day.

At approximately 10:45 p.m. on April 14, 2013, Officer Anderson responded to an emergency call at Hack's residence. Upon arriving at Hack's residence, Officer Anderson observed a plastic chair less than ten feet from Hack's residence. One of the plastic legs had been burnt off of the chair. Officer Anderson also observed that a piece of melted plastic, which was on the patio close to the back door of Hack's residence, was still burning. Hack identified Howlett as having started the fire.

On May 16, 2013, the State charged Howlett with Class D felony criminal recklessness, Class D felony obstruction of justice, Class D felony intimidation, and Class B misdemeanor criminal mischief. On October 30, 2013, the trial court conducted a bench

---

[1] We note that we have previously decided a criminal case involving criminal acts committed by Howlett against Hack. *See Howlett v. State*, 49A04-1312-CR-600 (Ind. Ct. App. June 6, 2014).

3

trial. During trial, Howlett moved for judgment on the evidence with regard to the charges of obstruction of justice and intimidation. The State did not object to Howlett's motion and the trial court granted said motion. Following the bench trial, the trial court found Howlett not guilty of Class D felony criminal recklessness and guilty of Class B misdemeanor criminal mischief. On November 21, 2013, the trial court sentenced Howlett to a term of 180 days and ordered Howlett to pay restitution to Hack in the amount of $20.00. This appeal follows.

## DISCUSSION AND DECISION

Howlett contends that the evidence is insufficient to sustain his conviction for Class B misdemeanor criminal mischief.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (citations, emphasis, and quotations omitted). "In essence, we assess only whether the verdict *could* be reached based on reasonable inferences that may be drawn from the evidence presented." *Baker v. State*, 968 N.E.2d 227, 229 (Ind. 2012) (emphasis in original). Upon review, appellate courts do not reweigh the evidence or assess the credibility of the witnesses. *Stewart v. State*, 768 N.E.2d

4

433, 435 (Ind. 2002).

The offense of criminal mischief is governed by Indiana Code section 35-43-1-2, which provides, in relevant part, that "(a) A person who: (1) recklessly, knowingly, or intentionally damages or defaces property of another person without the other person's consent … commits criminal mischief, a Class B misdemeanor." "A person engages in conduct 'recklessly' if he engages in the conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct." Ind. Code § 35-41-2-2(c). "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." Ind. Code § 35-41-2-2(b). "A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so." Ind. Code § 35-41-2-2(a).

In arguing that the evidence is insufficient to sustain his conviction, Howlett relies on his testimony that he was at home on April 14, 2013, and had nothing to do with setting the chair on fire. Howlett also states that it is illogical that he would risk his civil lawsuit by setting fire to a plastic patio chair. The trial court, however, acting as the trier-of-fact, was free to believe or disbelieve Howlett's self-serving testimony regarding whether he set fire to the chair and to weigh said testimony accordingly. *See Thompson v. State*, 804 N.E.2d 1146, 1149 (Ind. 2004); *McClendon v. State*, 671 N.E.2d 486, 488 (Ind. Ct. App. 1996); *Moore v. State*, 637 N.E.2d 816, 822 (Ind. Ct. App. 1994), *trans. denied*.

During trial, the trial court heard evidence that Hack observed Howlett attempting to set fire to the chair. Hack could see Howlett clearly because of motion-detecting lights in

5

Hack's backyard. After attempting to set fire to the chair for a few minutes, Howlett successfully set fire to the chair and shoved it against Hack's back door. Howlett then quickly walked away from Hack's residence. The trial court also heard evidence that Hack did not give Howlett permission to set fire to the chair. The above-stated evidence is sufficient to sustain Howlett's conviction. Howlett's claim to the contrary effectively amounts to an invitation for this court to reweigh the evidence, which we will not do. *See Stewart*, 768 N.E.2d at 435.

The judgment of the trial court is affirmed.

RILEY, J., and ROBB, J., concur.