## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 11 2017, 6:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Alacia Johnson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 11, 2017

Court of Appeals Case No.
49A04-1611-CR-2486

Appeal from the Marion Superior Court

The Honorable David J. Certo, Judge
The Honorable David M. Hooper, Magistrate

Trial Court Cause No.
49G12-1602-CM-6327

**Bradford, Judge.**

# Case Summary

During the early morning hours of January 3, 2016, Appellant-Defendant Alacia Johnson was involved in a physical altercation with Brooke Arnett Holman at the Limelight nightclub in Indianapolis. During this altercation, Johnson punched Holman in the left eye causing Holman to suffer a corneal abrasion. Johnson was subsequently charged with Class A misdemeanor battery resulting in bodily injury.

On October 6, 2016, the trial court conducted a bench trial. Johnson did not dispute during trial that she had been involved in an altercation with Holman on January 3, 2016. Johnson argued, however, that she had acted in self-defense. Contrary to Johnson's assertion, Holman testified that Johnson was the instigator of and aggressor during the altercation. At the conclusion of trial, the trial court found Johnson guilty as charged. The trial court subsequently sentenced Johnson to 365 days of imprisonment, with credit for time served and the remainder suspended to probation.

On appeal, Johnson contends that the evidence is insufficient to sustain her conviction because Appellee-Plaintiff the State of Indiana ("the State") failed to rebut her claim of self-defense. Concluding that the evidence presented by the State was sufficient to sustain Johnson's conviction and to disprove her claim of self-defense, we affirm the judgment of the trial court.

# Facts and Procedural History

[4]     At approximately 2:00 a.m. on January 3, 2016, Holman; her sister, JaLin Carter; and other family and friends arrived at Limelight nightclub near 38th Street and Lafayette Road in Indianapolis. Upon arriving at Limelight, Holman and Carter "were standing[,] about to go to the dance floor" when a woman walked up to Holman and Carter and said "anybody can get it, anybody can get it." Tr. pp. 7, 8. Holman, who recognized the woman as someone she had attended high school with, asked "is everything ok[?]" Tr. p. 8. The woman responded "yeah, we're good" before walking away. Tr. p. 8. Holman watched as the woman walked back to a table near Johnson. At the time, Johnson was sitting in Limelight's "VIP" section. Holman was familiar with Johnson because they too had attended high school together.

[5]     Later that morning, Holman encountered Johnson as she was walking back from the restroom to tell her friends that it was time to go because Limelight was closing. As Holman was walking past the VIP section where Johnson was sitting, she saw Johnson "getting up out of her seat" and heard Johnson say "there goes that b-word right there." Tr. p. 9. Johnson accused Holman of throwing a drink at her.[1] Johnson then approached Holman in a "very aggressive" manner and punched her in the left eye. Tr. p. 10. Holman suffered a corneal abrasion as a result of being struck by Johnson.

---

[1] At trial, Holman denied having thrown a drink at Johnson.

On February 10, 2016, the State charged Johnson with one count of Class A misdemeanor battery resulting in bodily injury. The case proceeded to a bench trial on October 6, 2016. During trial, Johnson acknowledged that she was involved in an altercation at Limelight on January 3, 2016, but claimed that to the extent that she participated in the altercation, she was acting in self-defense. Holman, on the other hand, testified that Johnson had been the instigator of and aggressor during the altercation.

At the conclusion of trial, the trial court found Johnson guilty as charged. That same day, the trial court sentenced Johnson to a term of one year, with credit for time served and the remaining 361 days suspended to non-reporting probation. The trial court also ordered Johnson to have no contact with Holman and to pay $1100.31 in restitution. This appeal follows.

# Discussion and Decision

Johnson contends that the evidence is insufficient to sustain her conviction for Class A misdemeanor battery resulting in bodily injury.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a

reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (citations, emphasis, and quotations omitted). "In essence, we assess only whether the verdict *could* be reached based on reasonable inferences that may be drawn from the evidence presented." *Baker v. State*, 968 N.E.2d 227, 229 (Ind. 2012) (emphasis in original). Upon review, appellate courts do not reweigh the evidence or assess the credibility of the witnesses. *Stewart v. State*, 768 N.E.2d 433, 435 (Ind. 2002).

[9] In charging Johnson, the State alleged that "[o]n or about January 3, 2016, [Johnson] did knowingly touch [Holman] in a rude, insolent, or angry manner, resulting in bodily injury to [Holman], specifically pain and/or abrasion and/or redness and/or swelling[.]" Appellant's App. Vol. II Confidential, p. 15. Indiana Code section 35-42-2-1(b) provides that "a person who knowingly or intentionally: (1) touches another person in a rude, insolent, or angry manner … commits battery, a Class B misdemeanor." However, "[t]he offense described in subsection (b)(1) … is a Class A misdemeanor if it results in bodily injury to any other person." Ind. Code § 35-42-2-1(c). Thus, in order to prove that Johnson committed the charged Class A misdemeanor, the State was required to prove that Johnson touched Holman in a rude, insolent, or angry manner and that the touching resulted in injury to Holman.

[10]   In challenging the sufficiency of the evidence, Johnson asserts that the State failed to provide sufficient evidence to disprove her claim of self-defense.

> A valid claim of defense of oneself or another person is legal justification for an otherwise criminal act. Ind. Code § 35-41-3-2(a); *Wallace v. State*, 725 N.E.2d 837, 840 (Ind. 2000). In order to prevail on such a claim, the defendant must show that [s]he: (1) was in a place where [s]he had a right to be; (2) did not provoke, instigate, or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm. *McEwen v. State*, 695 N.E.2d 79, 90 (Ind. 1998). When a claim of self-defense is raised and finds support in the evidence, the State has the burden of negating at least one of the necessary elements. *Id*.

*Wilson v. State*, 770 N.E.2d 799, 800-01 (Ind. 2002). The State may meet its burden of disproving a claim of self-defense "by rebutting the defense directly, by affirmatively showing the defendant did not act in self-defense, or by simply relying upon the sufficiency of its evidence in chief." *Hood v. State*, 877 N.E.2d 492, 497 (Ind. Ct. App. 2007), *trans. denied*. "Whether the State has met its burden is a question of fact for the factfinder." *Id*. "If a defendant is convicted despite [her] claim of self-defense, this Court will reverse only if no reasonable person could say that self-defense was negated by the State beyond a reasonable doubt." *Wilson*, 770 N.E.2d at 801 (citing *Taylor v. State*, 710 N.E.2d 921, 924 (Ind. 1999)).

[11]   Review of the record reveals that Johnson offered a very different account of her altercation with Holman than was offered by Holman and Carter. Johnson testified that she acted in self-defense, claiming that she was sitting in the VIP

section of Limelight when someone threw a drink at her. Johnson claims that Holman then "approached [her] in [the] VIP section and then we had a brawl. It was a brawl. It was not just me hitting." Tr. p. 40. Johnson further described the altercation as follows:

> It was a fight. It was a whole brawl, I mean, we was getting pulled left, right, chairs, security threw us out, everybody out, them too. There was no being pulled to the side. She was fighting as you can see here…. They came up to us. They came up to our VIP section and it was a brawl. I mean, it was a punch, left, right. Her sister hit me. It was just a fight. It was a fight that broke out. Then it was a fight, everybody is fighting. There's a lot of people fighting.

Tr. p. 41. Johnson further testified that "I'm not saying that I did not fight. That's not what I'm saying. I'm saying that you can't pinpoint me because you know me, and it was a whole brawl. Everybody was fighting you can't say [just] me." Tr. pp. 41-42. Johnson admitted on cross-examination that she did not see who allegedly threw a drink at her, but claimed that she believed that Carter had thrown the first punch. Johnson acknowledged that she had, in an alleged attempt to defend herself, thrown a punch during the altercation. Johnson also acknowledged that she did not know if Holman threw any punches during the altercation.

[12]   Holman, however, provided testimony indicating that Johnson was the instigator of and aggressor during the altercation. Holman testified that she encountered Johnson as Holman was walking back from the restroom to tell her friends that it was time to go because Limelight was closing. As Holman

was walking past the VIP section where Johnson was sitting, she saw Johnson "getting up out of her seat" and heard Johnson say "there goes that b-word right there." Tr. p. 9. Johnson accused Holman of throwing a drink at her, approached her in a "very aggressive" manner, and punched her in the left eye. Tr. p. 10. Holman suffered a corneal abrasion as a result of being struck by Johnson. Holman testified that she did not throw a drink at Johnson. She also testified that there was only one punch thrown the entire night and that she did not see anybody else throwing any punches. Holman further testified that she did not, at any point, initiate contact with Johnson or seek Johnson out.

[13] Holman's testimony that Johnson initiated the altercation was corroborated by Carter. Carter testified that she observed Johnson reach over the banister separating the VIP section from the rest of the club and punch Holman in the eye. Carter indicated that Holman "was in shock" and "just stood there" after Johnson punched her. Tr. p. 29. Carter subsequently "scooted [Holman] out of the way" to another part of the nightclub. Carter further testified that although she heard Johnson accuse Holman of throwing a drink on her, she did not, at any point, see Holman throw a drink at Johnson.

[14] It is well-established that the trial court, acting as the trier-of-fact, was free to believe or disbelieve the varying accounts regarding the altercation and to weigh said testimony accordingly. *See Thompson v. State*, 804 N.E.2d 1146, 1149 (Ind. 2004); *McClendon v. State*, 671 N.E.2d 486, 488 (Ind. Ct. App. 1996); *Moore v. State*, 637 N.E.2d 816, 822 (Ind. Ct. App. 1994), *trans. denied*. The guilty finding indicates that the trial court found Holman's account of the altercation

to be more believable. Again, Holman's testimony, as corroborated by Carter, demonstrates that Johnson was the instigator of and aggressor during the altercation. As such, we conclude that Holman's testimony is sufficient to both prove that Johnson committed the charged offense and to disprove Johnson's claim of self-defense. Johnson's claim to the contrary effectively amounts to an invitation for this court to reweigh the evidence, which we will not do. *See Stewart*, 768 N.E.2d at 435.

The judgment of the trial court is affirmed.

Najam, J., and Riley, J., concur.