Richard K. KLAFF, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 02A05–0712–CR–667.

Court of Appeals of Indiana.

March 31, 2008.

John C. Bohdan, Deputy Public Defender, Fort Wayne, IN, Attorney for Appellant.

Steve Carter Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BRADFORD, Judge.

Appellant–Defendant Richard K. Klaff challenges his conviction, following a jury trial, for one count of Class C felony Burglary[1] and one count of Class D felony Theft.[2] Klaff specifically contends that the evidence at trial was insufficient to support his conviction. Concluding that the evidence was sufficient, we affirm.

## FACTS AND PROCEDURAL HISTORY

Fred Thompson and Matt Morris were co-owners of a house located at 2917 South Anthony Boulevard in Fort Wayne. Thompson and Morris planned to restore the house for the purpose of either leasing or selling it. At some point prior to October 10, 2006, the house was burglarized. After this burglary, Thompson set up a video camera in the house that was interfaced to his home computer. This camera monitored movement in the house and notified Thompson, via his home computer, if any movement was detected.

On Tuesday, October 10, 2006, Thompson was alerted that the camera had detected movement at the house. Upon checking the images transmitted by the camera, Thompson observed two men moving around inside the house. Thompson immediately got into his car, notified the police of the unauthorized men inside the house, and drove to the house.

Two Fort Wayne police officers, including Officer Stephanie Souther, responded to Thompson's call, and when they arrived at the house, they found the front door unlocked and a window open in the rear of the house. The officers did not find anyone in the house. At that time, the officers secured the house and left to respond to a higher priority run. Officer Souther later returned to the house, at which time she and Thompson completed a walkthrough. Initially, Thompson noticed that some objects had been moved around, but he did not notice that anything was missing. Before leaving, Thompson secured the house and notified Officer Souther of the images the camera had captured. Officer Souther advised Thompson to burn the images onto a DVD and to deliver the information to a detective with the Fort Wayne Police Department.

Upon returning home, Thompson viewed the images caught on the camera in their entirety. The images depicted one man

---

1. Ind.Code § 35–43–2–1 (2006).

2. Ind.Code § 35–43–4–2(a) (2006).

entering from the rear of the house, walking to the front door, unlocking the door, allowing a second man to enter, and the two men milling around the living room of the house. The camera further depicted one man, later identified as Klaff, walking up the stairs. When Klaff returned to the camera's view, he was carrying a long, narrow object. Klaff then walked out of the picture in the direction of the open window at the rear of the house. When Klaff reappeared, he was no longer carrying the long, narrow object. He and the other man then left the house through the unlocked front door. Thompson complied with Officer Souther's advice and provided a DVD containing the images to the Fort Wayne Police Department.

Approximately one week later, having heard nothing more from the Fort Wayne Police Department, Thompson decided to post the recording of the break-in on a file-sharing site, www.YouTube.com ("You Tube"),[3] in hopes that someone would recognize the individuals involved. After posting the recording on You Tube, Thompson received a phone call from Detective Everett D. White of the Fort Wayne Police Department. On October 22, 2006, Thompson and Detective White met at and again walked through the house. At this time, Thompson realized that an eight-foot piece of copper pipe, which resembled the long, narrow object depicted in the video recording of the burglary, was missing.

In November 2006, Detective White and David Konkle, a former owner of the house, discussed the October 10th burglary. Konkle notified Detective White that Klaff had contacted him, inquiring into who owned the house. When Konkle asked Klaff why he wanted to know who

the owner of the house was, Klaff replied that "he had just gotten into some trouble at the house." Tr. p. 146.

On November 16, 2006, Klaff was charged with one count of Class C felony Burglary and one count of Class D felony Theft. On June 27, 2007, he was convicted following a jury trial. On July 23, 2007, the trial court merged Klaff's theft conviction into his burglary conviction. The trial court then sentenced Klaff to seven years incarceration in the Department of Correction with six years executed and one year suspended to probation. This appeal follows.

## DISCUSSION AND DECISION

◼ Our standard of review for a challenge to the sufficiency of the evidence is well-settled. *Maxwell v. State*, 731 N.E.2d 459, 462 (Ind.Ct.App.2000), *trans. denied*. When reviewing claims of insufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of the witnesses. *Id.* Rather, we examine only the evidence most favorable to the verdict and the reasonable inferences drawn therefrom. *Brasher v. State*, 746 N.E.2d 71, 72 (Ind.2001). We will affirm the conviction if there is probative evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Id.* It is the function of the trier of fact to determine the weight of the evidence and the credibility of the witnesses and as a result, the jury is " 'free to believe whomever they wish.' " *McClendon v. State*, 671 N.E.2d 486, 488 (Ind.Ct.App.1996) (quoting *Michael v. State*, 449 N.E.2d 1094, 1096 (Ind.1983)).

◼ "Where circumstantial evidence is used to establish guilt, the question for

---

**3.** You Tube is a file-sharing website that allows users to post and watch video clips at no charge. The person posting the video clip can title the video and add key words to attract users of the website to the video. (Tr. 104–105)

the reviewing court is whether reasonable minds could reach the inferences drawn by the jury; if so, there is sufficient evidence." *Maxwell*, 731 N.E.2d at 462. "Furthermore, we 'need not determine whether the circumstantial evidence is adequate to overcome every reasonable hypothesis of innocence, but rather whether inferences may be reasonably drawn from that evidence which supports the verdict beyond a reasonable doubt.'" *Id.* at 463 (quoting *Bustamante v. State*, 557 N.E.2d 1313, 1318 (Ind.1990)).

■ On appeal, Klaff specifically argues that the evidence was insufficient to support his theft and burglary convictions because "no reasonable jury could have found satisfaction of the required proof of guilt beyond a reasonable doubt." Appellant's Br. p. 8. We disagree. It is well-settled that "a conviction for burglary may be sustained by circumstantial evidence alone." *Cash v. State*, 557 N.E.2d 1023, 1025 (Ind.1990). Even though one's mere presence at the crime scene with the opportunity to commit a crime is not a sufficient basis on which to support a conviction, one's presence at the scene in connection with other circumstances tending to show one's participation may raise a reasonable inference of guilt. *Brink v. State*, 837 N.E.2d 192, 194 (Ind.Ct.App. 2005), *trans. denied.*

Here, the evidence establishes not merely that Klaff was at the house, but also that Klaff was an active participant. The recorded images clearly depicted Klaff walking down the stairs carrying a long, thin object, which resembled the eight-foot copper pipe that was later determined to be missing from the house. The recorded images further depicted Klaff walking, with the long thin object, toward the rear of the house where police later found an open window. Even though the recorded images depict Klaff walking out the front

door of the house without the object in his hand, a reasonable jury could infer that he slipped the object out the open rear window because the copper pipe was never recovered anywhere in or surrounding the house. We therefore conclude that the evidence establishes that not only was Klaff present at the house, but also that he was an active participant, and thus the evidence may raise a reasonable inference of guilt. *See id.* Furthermore, based on this evidence, we conclude that such an inference was reasonable. Because we conclude that the evidence supported an inference of guilt and that this inference was reasonable, we further conclude that the evidence at trial was sufficient to support Klaff's convictions for theft and burglary. *See Maxwell*, 731 N.E.2d at 463.

The judgment of the trial court is affirmed.

BAKER, C.J., and DARDEN, J., concur.