## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Jeffrey D. Stonebraker
Clark County Chief Public Defender
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Derrick Anthony Duncan,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

December 21, 2015

Court of Appeals Case No.
10A04-1505-CR-509

Appeal from the Clark Circuit Court

The Honorable Glenn Hancock, Senior Judge

Trial Court Cause No.
10C03-1203-FD-422

**Bradford, Judge.**

# Case Summary

In June of 2005, Appellant-Defendant Derrick Anthony Duncan was convicted of Class B felony child molesting. As a result of his conviction, Duncan was classified as a sexual violent predator and was given a lifetime registration requirement with the Sex and Violent Offender Registry. In March of 2012, Duncan briefly obtained employment at two restaurants in Clark County. Duncan failed to comply with the registration requirements for employment in Clark County during these brief periods of employment. As a result of his failure to comply with the registration requirements, he was subsequently convicted of Class D felony failure to register.

On appeal, Duncan contends that the evidence is insufficient to sustain his conviction for Class D felony failure to register. Concluding otherwise, we affirm.

# Facts and Procedural History

In June of 2005, Duncan was convicted of Class B felony child molesting. As a result of this conviction, Duncan was classified as a sexual violent predator with a lifetime registration requirement. Upon his release from the Department of Correction ("DOC"), Duncan acknowledged that he read or had read to him information setting forth his registration duties and that he had received a written copy of this information. Duncan also acknowledged that he understood his statutory registration duties.

[4]     In March of 2012, Duncan resided in Scott County. On March 9, 2012, he obtained employment at a Kentucky Fried Chicken ("KFC") restaurant located in Clark County. On March 13, 2012, Duncan obtained additional employment at an International House of Pancakes ("IHOP") restaurant. The IHOP restaurant was also located in Clark County. Duncan failed to register with the Clark County Sheriff's Department Registry Division ("Clark County Sheriff's Registry Division"), the entity responsible for sex offender registration in Clark County, within seventy-two hours of obtaining either source of employment.

[5]     At some point, Duncan scheduled an appointment with the Clark County Sheriff's Registry Division for March 20, 2012. Duncan failed to appear for this meeting. Duncan subsequently informed representatives of the Clark County Sheriff's Registry Division that he had failed to appear because his employment at both the KFC and the IHOP restaurants ended on March 19, 2012.

[6]     On March 20, 2012, Appellee-Plaintiff the State of Indiana (the "State") charged Duncan with Class D felony failure to register. The State also alleged that Duncan was a habitual offender. Following a two-day jury trial, Duncan was convicted of Class D felony failure to register. He was also found to be a habitual offender. This appeal follows.

# Discussion and Decision

[7] Duncan contends that the evidence is insufficient to sustain his conviction for failure to register.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (citations, emphasis, and quotations omitted). "In essence, we assess only whether the verdict could be reached based on reasonable inferences that may be drawn from the evidence presented." *Baker v. State*, 968 N.E.2d 227, 229 (Ind. 2012) (emphasis in original). Upon review, appellate courts do not reweigh the evidence or assess the credibility of the witnesses, *Stewart v. State*, 768 N.E.2d 433, 435 (Ind. 2002), as the jury, acting as the trier-of-fact, is "'free to believe whomever they wish.'" *Klaff v. State*, 884 N.E.2d 272, 274 (Ind. Ct. App. 2008) (quoting *McClendon v. State*, 671 N.E.2d 486, 488 (Ind. Ct. App. 1996)).

[8] "[A] conviction may be based purely on circumstantial evidence." *Hayes v. State*, 876 N.E.2d 373, 375 (Ind. Ct. App. 2007) (citing *Moore v. State*, 652

N.E.2d 53, 55 (Ind. 1995)), *trans. denied*. "'On appeal, the circumstantial evidence need not overcome every reasonable hypothesis of innocence.'" *Id.* (quoting *Moore*, 652 N.E.2d at 55). "It is enough if an inference reasonably tending to support the conviction can be drawn from the circumstantial evidence." *Id.* (citing *Moore*, 652 N.E.2d at 55). Thus, where circumstantial evidence is used to establish guilt, "'the question for the reviewing court is whether reasonable minds could reach the inferences drawn by the jury; if so, there is sufficient evidence.'" *Klaff*, 884 N.E.2d at 274-75 (quoting *Maxwell v. State*, 731 N.E.2d 459, 462 (Ind. Ct. App. 2000)).

[9] In March of 2012, Indiana Code section 11-8-8-11(c) provided that if a sex or violent offender who is required to register changes his or her principal place of employment to a county other than the county in which the offender resides, "the sex or violent offender shall report *in person*: … to the local law enforcement authority having jurisdiction over the sex or violent offender's new principal place of employment … *not more than seventy-two (72) hours* after the change." (Emphases added). On March 30, 2012, the State filed a charging information alleging that Duncan had failed to satisfy the above-quoted registration requirement in violation of Indiana Code section 11-8-8-17. The version of Indiana Code section 11-8-8-17 in effect at the time provided that "[a] sex or violent offender who knowingly or intentionally: (1) fails to register when required to register under this chapter; (2) fails to register in every location where the sex or violent offender is required to register under this chapter; … [or] (4) fails to register in person as required under this chapter …

commits a Class D felony." Thus, in order to prove that Duncan committed the alleged Class D felony, the State was required to prove that Duncan knowingly or intentionally failed to register, in person, with a required entity within the statutorily imposed seventy-two-hour time frame.

[10] Initially, we note that Duncan does not dispute that he was required to register in Clark County. Duncan merely argues that the State failed to prove beyond a reasonable doubt that he knowingly or intentionally failed to comply with the registration requirements within the statutorily imposed seventy-two-hour time frame. We disagree.

[11] With respect to the *mens rea* requirement, *i.e.*, whether Duncan acted knowingly or intentionally, the State introduced evidence indicating that Duncan acknowledged, in writing, that he understood his registration duties. Specifically, Duncan signed a statement which provided as follows:

> I read or have had read to me the information contained in "Sex and Violent Offender Registration Responsibilities and Other Duties." By my signature, I acknowledge that I have received a copy of this information and that I understand my registration duties and obligations under IC 11-8-8[,] IC 35-42-4[,] and other corresponding Indiana Statutes.

State's Ex. 3. Angie Huggins, a re-entry specialist with the DOC, also signed a statement which provided as follows: "I hereby certify that [Duncan] was orally informed and provided a copy of the information contained in 'Sex and Violent Offender Registration Responsibilities and Other Duties.'" State's Ex. 3. In addition, the State presented evidence indicating that when an offender is

released from the DOC, the offender must attend and complete an exit class, during which the registration process and requirements is explained. Duncan's acknowledgement that he understood the applicable registration requirements supports the reasonable inference that a failure to comply with said requirements would be done knowingly or intentionally.

[12] The record also contains evidence sufficient to sustain the jury's determination that Duncan failed to register, in person, with the Clark County Sheriff's Registry Division within the statutorily allotted seventy-two-hour time frame. The State presented evidence that Duncan's employment at the KFC began on March 9, 2012. Thus, with respect to his employment at KFC, the deadline for Duncan to register with the Clark County Sheriff's Registry Division was no later than March 12, 2012. Likewise, the State presented evidence that Duncan's employment at the IHOP began on March 13, 2012. Thus, with respect to his employment at IHOP, the deadline for Duncan to register with the Clark County Sheriff's Registry Division was no later than March 16, 2012. Clark County Sheriff's Detective Captain Tim Franklin, who was tasked with investigating potential violations of the statutorily proscribed registration requirements in Clark County, testified that he never received any type of notification or information indicating that Duncan contacted the Clark County Sheriff's Registry Division within the statutorily imposed seventy-two-hour time frame.

[13] In sum, we conclude that the evidence is sufficient to sustain Duncan's conviction for Class D felony failure to register. Duncan's claim to the contrary

effectively amounts to an invitation to reweigh the evidence, which we will not do. *See Stewart*, 768 N.E.2d at 375.

[14] The judgment of the trial court is affirmed.

Baker, J., and Pyle, J., concur.