## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 28 2015, 8:42 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Mandy Monnett,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

December 28, 2015

Court of Appeals Case No.
49A05-1506-CR-603

Appeal from the Marion Superior Court

The Honorable Clayton Graham, Judge
The Honorable Steven Rubick, Magistrate

Trial Court Cause No.
49G07-1501-CM-986

**Bradford, Judge.**

# Case Summary

[1] On the evening on January 10, 2015, Appellant-Defendant Mandy Monnett went to Cassie Maxwell's residence and punched Maxwell in the face. Monnett was subsequently charged with one count of Class A misdemeanor battery. Following a bench trial, Monnett was found guilty as charged and subsequently sentenced to a term of thirty days in the Marion County Jail.

[2] On appeal, Monnett contends that the evidence is insufficient to sustain her conviction. Concluding otherwise, we affirm.

# Facts and Procedural History

[3] Monnett went to Maxwell's residence during the evening hours on January 10, 2015, after receiving word that Monnett's boyfriend, Larry, "was getting locked up … for … a violation of his GPS monitoring." Tr. p. 5. Monnett went into Maxwell's home while Maxwell was "sitting on the couch talking to [Maxwell's] daughter's grandparents." Tr. p. 6. Monnett then "punched [Maxwell] in [her] face" causing Maxwell to fall "back on the couch." Tr. p. 6. Monnett told Maxwell that she "was gonna pay for having Larry locked up." Tr. p. 6.

[4] Indianapolis Metropolitan Police Officer Nathaniel Schauwecker was dispatched to Maxwell's residence. Officer Schauwecker arrived while other officers were placing Larry, who was at Maxwell's residence, in the "Sheriff's wagon." Tr. p. 12. Soon after Officer Schauwecker arrived at the residence,

Maxwell "came out of the house and started yelling that [the officers] needed to come inside that she had been attacked." Tr. p. 12. Officer Schauwecker went inside the residence and found Monnett "lying face down on the floor in the living room." Tr. p. 13.

[5] Officer Schauwecker "started speaking to [Monnett] [telling her] that she needed to sit up and tell [him] what was going on so [the officers] could get this situation figured out." Tr. p. 13. Monnett "continued to lay there [and did] not move or speak to" Officer Schauwecker. Tr. p. 13. After Officer Schauwecker informed Monnett "that if she couldn't sit up and talk to [him] that [he] would have to arrest her," Monnett "immediately sat up off the floor and started yelling that [Maxwell] had come in the living room [and] hit her in the head with a candle." Tr. p. 13.

[6] Maxwell "also became very loud, they were both very loud and verbal toward each other. And both accused the other one of striking them, and both denied ever touching the other person." Tr. pp. 13-14. At that time Officer Schauwecker and the other officers on the scene "placed both females in handcuffs and … started walking them outside to get separation and out of the confines of the house." Tr. p. 14. Although Officer Schauwecker did not observe any visible injuries to either Maxwell or Monnett, both claimed to have suffered pain as a result of the other's actions. As Officer Schauwecker was escorting Monnett from the home, Monnett, referring to Maxwell, uttered "the b[****] got what she deserved for snitching." Tr. p. 14.

On January 11, 2015, Appellee-Plaintiff the State of Indiana (the "State") charged Monnett with Class A misdemeanor battery. Monnett was found guilty following a bench trial. The trial court subsequently sentenced Monnett to thirty days in the Marion County Jail. This appeal follows.

# Discussion and Decision

Monnett contends that the evidence is insufficient to sustain her conviction for Class A misdemeanor battery. The Indiana Supreme Court has held that "[i]t is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction." *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). As such,

> [w]hen reviewing a challenge to the sufficiency of the evidence underlying a criminal conviction, we neither reweigh the evidence nor assess the credibility of witnesses. *Wright v. State*, 828 N.E.2d 904, 905-06 (Ind. 2005). The evidence—even if conflicting—and all reasonable inferences drawn from it are viewed in a light most favorable to the conviction. *Rohr v. State*, 866 N.E.2d 242, 248 (Ind. 2007). "[W]e affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt." *Davis v. State*, 813 N.E.2d 1176, 1178 (Ind. 2004).

*Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012) (first set of brackets added, second set of brackets in original).

[9] It is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Drane*, 867 N.E.2d at 147. "The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict." *Id*. "In essence, we assess only whether the verdict could be reached based on reasonable inferences that may be drawn from the evidence presented." *Baker v. State*, 968 N.E.2d 227, 229 (Ind. 2012) (emphasis in original). Further, a conviction can be sustained on only the uncorroborated testimony of a single witness, even when that witness is the victim. *Bailey*, 979 N.E.2d at 135 (citing *Ferrell v. State*, 565 N.E.2d 1070, 1072-73 (Ind. 1991)). The trial court, acting as the trier-of-fact, is free to believe whomever it sees fit. *See Klaff v. State*, 884 N.E.2d 272, 274 (Ind. Ct. App. 2008).

[10] Indiana Code section 35-42-2-1(b) provides that a person who knowingly or intentionally "touches another person in a rude, insolent, or angry manner … commits battery, a Class B misdemeanor." However, the offense is a Class A misdemeanor if it results in bodily injury to any other person. Ind. Code § 35-42-2-1(c). In charging Monnett, the State alleged that "On or about January 10, 2015, [Monnett] did knowingly or intentionally touch [Maxwell] in a rude, insolent, or angry manner, resulting in bodily injury to [Maxwell], specifically pain and/or swelling and/or bruising[.]" Appellant's App. p. 12.

[11] During trial, the State presented evidence that Monnett came to Maxwell's residence on January 10, 2015, after learning that her "boyfriend was getting locked up … for … a violation of his GPS monitoring." Tr. p. 5. Maxwell testified that Monnett came into her home while Maxwell was "sitting on the

couch talking to [Maxwell's] daughter's grandparents." Tr. p. 6. Monnett then "punched [Maxwell] in [the] face" causing Maxwell to fall "back on the couch." Tr. p. 6. Monnett told Maxwell that she "was gonna pay for having Larry locked up." Tr. p. 6. Maxwell further testified that as a result of Monnett's actions, she suffered pain and a "scratch on [her] eye." Tr. p. 6.

[12] In addition, Officer Schauwecker testified that he encountered Monnett and Maxwell when he arrived at Maxwell's residence. Officer Schauwecker testified that after he approached Monnett, Monnett started yelling that Maxwell "had come in the living room [and] hit her in the head with a candle." Tr. p. 13. Maxwell "also became very loud." Tr. p. 13. Both Maxwell and Monnett "accused the other one of striking them, and both denied ever touching the other person." Tr. pp. 13-14. At that time Officer Schauwecker and the other officers on the scene "placed both females in handcuffs and … started walking them outside to get separation and out of the confines of the house." Tr. p. 14. As Officer Schauwecker was escorting Monnett from the home, Monnett, referring to Maxwell, uttered that "the b[****] got what she deserved for snitching." Tr. p. 14.

[13] Upon review, we conclude that the State presented sufficient evidence to sustain Monnett's conviction for Class A misdemeanor battery. The record demonstrates that Monnett punched Maxwell, causing Maxwell pain. Monnett's claim to the contrary merely amounts to an invitation for this court to reweigh the evidence, which we will not do. *See Bailey*, 979 N.E.2d at 135.

The judgment of the trial court is affirmed.

Baker, J., and Pyle, J., concur.