## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Mar 10 2016, 8:16 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Patricia Caress McMath
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jeffrey W. Smith,

*Appellant-Respondent,*

v.

State of Indiana,

*Appellee-Petitioner.*

March 10, 2016

Court of Appeals Case No.
52A04-1509-CR-1302

Appeal from the Miami Superior Court

The Honorable Daniel C. Banina, Judge

Trial Court Cause No.
52D02-1103-FC-49

**Bradford, Judge.**

## Case Summary

[1] In 2011, Appellant-Respondent Jeffrey Smith pled guilty to two counts of Class D felony battery resulting in bodily injury and was sentenced to an aggregate term of five years, with one year executed and four years suspended to probation. Smith was first alleged to have violated the terms of his probation in September of 2012. Smith admitted the alleged violations and was ordered to serve 180 days of his suspended sentence.

[2] On December 31, 2014, Appellee-Petitioner the State of Indiana (the "State") filed a second petition alleging that Smith had violated the terms of his probation. In this petition, the State alleged that Smith had failed to report to the probation department. The State amended its petition on April 20, 2015, to include an allegation that Smith had also violated the terms of his probation by committing a new criminal offense, *i.e.*, resisting law enforcement by fleeing. Smith admitted to committing the alleged violations on August 3, 2015. The trial court revoked Smith's probation and ordered Smith to serve the remaining three-and-one-half-year balance of his previously suspended sentence.

[3] On appeal, Smith contends that the trial court abused its discretion in revoking his probation and ordering him to serve the remaining three-and-one-half-year balance of his previously suspended sentence. Concluding otherwise, we affirm.

# Facts and Procedural History

[4] In 2011, Smith was charged with three counts stemming from an incident with a seven-year-old girl: Class C felony child molesting, Class D felony sexual battery, and Class D felony battery resulting in bodily injury. Smith was also alleged to be a habitual offender. Smith subsequently pled guilty to two counts of Class D felony battery resulting in bodily injury. In return for Smith's guilty plea, the State agreed to drop the remaining charge. The trial court accepted Smith's guilty plea and sentenced him to an aggregate term of five years, with one year executed and four years suspended to probation.

[5] In September of 2012, the State first alleged that Smith had violated the terms of his probation. Specifically, the State alleged that Smith had committed an invasion of privacy, failed to register as a sex or violent offender, failed to report to probation, had violated a no-contact order, and committed the offense of false informing. Smith subsequently admitted the alleged violations and was ordered to serve 180 days of his suspended sentence.

[6] On December 31, 2014, the State filed a second petition alleging that Smith had violated the terms of his probation. In this petition, the State alleged that Smith had violated the terms of his probation by failing to report to the probation department. The State amended its petition on April 20, 2015, to include an allegation that Smith had also violated the terms of his probation by committing a new criminal offense, *i.e.*, resisting law enforcement by fleeing.

[7] During an August 3, 2015 dispositional hearing, Smith admitted that he had committed the alleged probation violations. In admitting to the violations,

Smith claimed that he had been confused about whether he had to report to the probation department while still on parole. Smith also claimed that he fled law enforcement because he believed that someone was coming to harm him. In light of Smith's admissions, the trial court determined that Smith had violated the terms of his probation. The trial court then revoked Smith's probation and ordered Smith to serve the remaining three-and-one-half-year balance of his previously suspended sentence. This appeal follows.

# Discussion and Decision

[8]     Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. The trial court determines the conditions of probation and may revoke probation if the conditions are violated. Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants. Accordingly, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances.

*Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007) (internal citations omitted). With respect to the imposition of a sanction following the determination that one has violated the terms of their probation, Indiana Code section 35-38-2-3(h) provides as follows:

> If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or more of the following sanctions:
> > (1) Continue the person on probation, with or without modifying or enlarging the conditions.
> > (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
> > (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

[9] In claiming that the trial court abused its discretion in ordering him to serve the remaining three-and-one-half-year balance of his previously suspended sentence, Smith acknowledged that he was found to have committed two violations and that these violations were for failing to report to the probation department when he was released from prison and then for running from the police when they came to arrest him on the probation violation warrant. Smith argued, however, that the revocation of the entire balance of his previously suspended sentence was not warranted "given the nature of the violations and the circumstances under which they occurred." Appellant's Br. p. 7.

[10] With regard to the alleged circumstances surrounding the instant violations, Smith asserts that he failed to report to the probation department because "there was confusion with his parole officers about whether he had to report to probation while still on parole." Appellant's Br. p. 7. Smith further asserts that in light of this alleged confusion, "once he learned [that] there was a parole violation warrant for him a day after he was released, he thought it would be

better to not report to probation (because he believed reporting would 'activate' probation) so that he would not get a probation violation warrant in addition to the parole warrant." Appellant's Br. p. 7. He also explained that he ran from the police officers who came to serve the probation violation warrant because "he had been told by the person he was staying with that she was sending a couple of guys to beat him up." Appellant's App. p. 7. The trial court was under no obligation to credit Smith's explanations, and did not. *See Klaff v. State*, 884 N.E.2d 272, 274 (Ind. Ct. App. 2008) (providing that the trial court, acting as the trier-of-fact, is free to believe whomever it sees fit).

[11] After finding that Smith had violated the terms of his probation, the trial court found that Smith had a significant criminal history, which included convictions for seven misdemeanors and fourteen felonies. Of those convictions, "a lot of them [were] convictions [for] crimes against persons[,]" four "were sexually based offenses[,]" and "one offense [was] for failure to register as a sex offender." Tr. p. 28. The trial court also found that Smith had previously been on probation "several times" and that he had previously had his "probation and parole revoked." Tr. p. 28. In light of these facts, the trial court determined that Smith was a "very high risk of reoffending." Tr. p. 28. In imposing this sanction, the trial court stated that it did not see "any benefit of putting [Smith] on probation because I think you [would] just ultimately fail." Tr. p. 28.

[12] Smith's challenge on appeal appears to be based on his belief that the trial court should not have considered his lengthy criminal history, including a history of probation and parole violations, when revoking his probation. Such a belief is

without merit. In *Prewitt*, the Indiana Supreme Court held that the trial court acted within its discretion in considering the respondent's multiple prior probation violations, past criminal history, and apparent unwillingness to complete court-ordered services when imposing a sanction after finding that the respondent had violated the terms of his probation. *Prewitt*, 878 N.E.2d at 188. Similarly here, we conclude that the trial court acted within its discretion in considering Smith's lengthy criminal history, which again included numerous probation and parole violations, when revoking his probation and ordering Smith to serve the remainder of his previously suspended sentence in the DOC.

[13] The judgment of the trial court is affirmed.

Baker, J., and Pyle, J., concur.