## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 29 2017, 9:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Adam C. James<br>Shelbyville, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Tyler G. Banks<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Garold E. Colinot,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 29, 2017<br><br>Court of Appeals Case No.<br>70A01-1611-CR-2754<br><br>Appeal from the Rush Circuit Court<br><br>The Honorable David E. Northam, Judge<br><br>Trial Court Cause No.<br>70C01-1511-F6-703 |

**Mathias, Judge.**

[1] Garold E. Colinot ("Colinot") was convicted in Rush Circuit Court of Level 5 felony battery resulting in serious bodily injury. Colinot was ordered to serve a

three-year sentence with two years executed in the Department of Correction. Colinot presents two issues on appeal:

I. Whether the evidence presented at the jury trial was sufficient to support his conviction; and

II. Whether the trial court's admission of Woods' medical records evidence that erroneously named the defendant on the accompanying affidavit constituted fundamental error.

We affirm.

## Facts and Procedural History

On November 20, 2015, Colinot joined Garrick Fitch ("Fitch") and Tommy Woods ("Woods") at the home of Fitch's father ("Mr. Fitch"). Colinot knew Fitch and his father because he drove the elderly Mr. Fitch when needed and assisted with tasks on his property. Woods was Fitch's friend and Colinot's acquaintance.

Earlier that day, Fitch and Woods had cleared Mr. Fitch's backyard of scrap wood and lit a bonfire. When Colinot arrived, the men had finished clearing the yard and were drinking alcohol and cooking around the fire. At some point after dark, Colinot threw more wood on the fire, causing an ember to fall near Woods. Woods responded with a comment that angered Colinot. Colinot pushed Woods into the fire and pinned him down by placing his knee on Woods' back until Fitch intervened. Fitch struck Colinot several times before

Colinot rolled off Woods and Woods was able to get out of the fire. Colinot left the property, and Fitch and Woods went inside Mr. Fitch's house.

[5] Woods received medical attention the next day, November 21, 2015, when his stepmother ("Mrs. Woods") called an ambulance and he was transported to Hancock Regional Hospital. Woods suffered burns to his right hand, bilateral lower extremities, and right foot. During several stays at the hospital in November and December, Woods underwent skin graft surgery to his hand and foot and was treated for pain.

[6] Mrs. Woods also contacted the Rush County Sheriff's Department. Deputy Sheriff Steve Houston briefly interviewed Woods at the hospital, but it was Lieutenant Terry Drake ("Lieutenant Drake") who followed up on the report. On November 24, 2015, Lieutenant Drake interviewed Mrs. Woods and Fitch, observed the crime scene, and arrested Colinot for the battery of Woods. Colinot gave a videotaped statement at the Rush County Sheriff's Department in which he recounted being hit on the head and unintentionally falling with Woods into the fire.

[7] On November 25, 2015, Colinot was charged with Level 6 felony battery resulting in moderate bodily injury and Level 5 felony battery resulting in serious bodily injury.

[8] A jury trial was held in October 2016. At trial, Fitch and Woods identified Colinot as Woods' attacker. Their testimonies were inconsistent concerning several details of what happened before and after the battery, but both men

were consistent in their description of how Colinot forced Woods into the fire. Fitch, Woods, and Colinot also provided varied accounts of how much alcohol they consumed that night.

[9] During trial, the trial court admitted Woods' medical records into evidence without objection. Ex. Vol. 1, State's Ex. 6. The first page of the document was a certification and affidavit signed by a representative of Health Information Management of Healthport. It mistakenly listed the patient's name as Colinot instead of Woods. Woods's name appeared throughout the rest of the exhibit.

[10] The jury found Colinot guilty of Level 6 battery resulting in moderate bodily injury and Level 5 battery resulting in serious bodily injury. The trial court entered a judgment of conviction on the Level 5 battery charge. Colinot's sentencing hearing was held on November 1, 2016, and he was ordered to serve a three-year sentence with two years executed in the Department of Correction. Colinot now appeals.

## Discussion and Decision

### I. Sufficiency of the Evidence

[11] Colinot argues insufficient evidence was presented to support his conviction for Level 5 felony battery resulting in serious bodily injury. The standard of review for sufficiency of evidence claims is well-settled. The Court does not put itself in the role of the trier of fact and reweigh the evidence or judge the credibility of the witnesses. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2006). A conviction will be affirmed if any reasonable juror could find a defendant guilty beyond a

reasonable doubt when considering all the facts and inferences in favor of the conviction. *Henley v. State*, 881 N.E.2d 639, 652 (Ind. 2008). It is the trier of fact who is tasked with determining the weight of the evidence and witness credibility; jurors are empowered to believe what they wish about witness testimony. *Klaff v. State*, 884 N.E.2d 272, 274 (Ind. Ct. App. 2008).

[12]    To convict a defendant of battery resulting in serious bodily injury, the State must prove beyond a reasonable doubt that a defendant knowingly or intentionally touched another person in a rude, insolent, or angry manner and serious bodily injury resulted. Ind. Code § 35-42-2-1(b)(1) - 1(f)(1). Colinot argues the evidence presented to the jury lacked probative value because Woods' testimony was inconsistent with Fitch's and was therefore insufficient to support his conviction. Appellant's Br. at 9.

[13]    Woods identified Colinot as the individual who forced him into the fire. Tr. p. 50. He described seeing Colinot out of the corner of his eye before he was pushed into the fire by Colinot. Tr. p. 50. Fitch's testimony corroborated Woods' account: "[Woods] was laid out across three big logs and [Colinot] was on top of him." Tr. p. 20. Colinot cites to inconsistent testimony by Woods and Fitch concerning details of what happened before and after the incident, and attributes the inconsistencies to the fact that the men were drinking alcohol. Appellant's Br. at 11. However, the fact that Woods and Fitch were drinking was submitted to the jury in order that it could assess witness credibility and this Court will not retry the trier of fact's assessment thereof. *See Bailey v. State*, 979 N.E.2d 133, 143 (Ind. 2012). Moreover, inconsistencies in Fitch's and

Woods's testimony concerned tangential details of the incident. Appellant's Br. at 11. Colinot requests this Court reweigh the evidence, which we will not do. For all of these reasons, Colinot's conviction for Level 5 battery resulting in serious bodily injury was supported by sufficient evidence.

## II. Fundamental Error

[14] Colinot argues the trial court's admission of State's Exhibit Six constituted fundamental error. Because Colinot did not object to the admission of State's Exhibit Six, he waived the issue. *See Jewell v. State*, 887 N.E.2d 939, 942 (Ind. 2008). To qualify as fundamental error, an erroneous admission of evidence must constitute a blatant violation of basic principles, cause harm or substantial potential for harm, and result in a denial of fundamental due process. *Gordon v. State*, 981 N.E.2d 1215, 1218 (Ind. Ct. App. 2013).

[15] The error complained of in State's Exhibit Six – Woods's medical records – appears to be a simple scrivener's error. The medical records affidavit twice indicates that the document contains the medical records for "patient [Colinot]," but the medical records actually belong to Woods and reference his name throughout. Ex. Vol. I, State's Ex. 6. Colinot does not describe how this error may have been prejudicial to his rights. Accordingly, Colinot has not established that he did not receive a fair trial due to a fundamental error of the trial court.

# Conclusion

We conclude that Colinot's conviction was supported by sufficient evidence.

Affirmed.

Kirsh, J., and Altice, J., concur.