## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Karen Celestino-Horseman
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lauren A. Jacobsen
Deputy Attorney General

Michael Vo Sherman
Certified Legal Intern
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Cortez Boxley,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

January 21, 2020

Court of Appeals Case No.
19A-CR-902

Appeal from the Marion Superior Court

The Honorable Mark D. Stoner, Judge

Trial Court Cause No.
49G06-1710-F1-39804

**Sharpnack, Senior Judge.**

# Statement of the Case

Cortez Boxley appeals his conviction of striking a law enforcement animal, a Class A misdemeanor.[1] We affirm.

# Issue

Boxley presents one issue for our review, which we restate as: whether there was sufficient evidence to sustain Boxley's conviction of striking a law enforcement animal.

# Facts and Procedural History

The facts most favorable to the verdict follow. In October 2017, Trooper Butt of the Indiana State Police received a dispatch of a suspect fleeing from a traffic stop. While searching for the suspect, Trooper Butt saw Boxley, who matched the description of the suspect. Trooper Butt attempted to speak with Boxley, but, as the trooper was attempting to place Boxley in handcuffs for safety, Boxley elbowed the trooper in the chest and ran. The trooper released his K-9 companion, Apache, who caught up to Boxley and latched onto him. Boxley attempted to continue running with Apache latched onto his arm. At some point, Boxley turned toward Apache with a gun in his hand and fired. Trooper Butt then began firing at Boxley but stopped once Boxley ceased firing his gun.

---

[1] Ind. Code § 35-46-3-11 (2014).

Apache sustained entrance and exit wounds and had metal fragments in his neck; however, the wounds were not fatal.

[4] Based upon this incident, Boxley was charged with attempted murder, a Level 1 felony;[2] carrying a handgun without a license with a prior conviction, a Level 5 felony;[3] resisting law enforcement, a Level 6 felony;[4] and striking a law enforcement animal, a Class A misdemeanor. A jury found Boxley guilty of all charges except the attempted murder. He was sentenced to five years with three suspended on the handgun conviction, concurrent with two years on the resisting conviction and one year on the striking a law enforcement animal conviction. His sentence on the handgun conviction was ordered to be served consecutively to a sentence in an unrelated cause. Boxley now appeals.

## Discussion and Decision

[5] Boxley's sole contention on appeal is the sufficiency of the evidence supporting his conviction of striking a law enforcement animal. Particularly, he argues that it is impossible to know who fired the bullet that struck Apache because only one recovered bullet was positively identified as having been fired from Boxley's gun, and Trooper Butt fired at Boxley approximately fourteen times while Apache was latched onto Boxley.

[2] Ind. Code §§ 35-42-1-1 (2017), 35-41-5-1 (2014).

[3] Ind. Code § 35-47-2-1 (2017).

[4] Ind. Code § 35-44.1-3-1 (2016).

[6] In reviewing such challenges, we neither reweigh the evidence nor judge the credibility of the witnesses. *Sandleben v. State*, 29 N.E.3d 126, 131 (Ind. Ct. App. 2015), *trans. denied*. Instead, we consider only the evidence most favorable to the verdict and any reasonable inferences drawn therefrom. *Id.* If there is substantial evidence of probative value from which a reasonable fact-finder could have found the defendant guilty beyond a reasonable doubt, the verdict will not be disturbed. *Labarr v. State*, 36 N.E.3d 501, 502 (Ind. Ct. App. 2015). Moreover, when an appellant challenges the sufficiency of the evidence of his conviction after a jury verdict, "the appellate posture is markedly deferential to the outcome below." *Bowman v. State*, 51 N.E.3d 1174, 1181 (Ind. 2016).

[7] In order to convict Boxley of striking a law enforcement animal, the State was required to prove that he knowingly or intentionally struck, tormented, injured, or otherwise mistreated a law enforcement animal. *See* Ind. Code § 35-46-3-11. Boxley challenges the State's evidence that he was the person who injured Apache.

[8] At trial, Trooper Butt testified that Apache had latched on to Boxley's right arm. The trooper observed Boxley raise his arm, "kind of yanking" Apache and "kind of dragging" him. Tr. Vol. II, p. 42. Trooper Butt then saw Boxley with a silver pistol, observed a flash, and heard a "bang two times" while Boxley had the gun aimed at Apache. *Id.* at 43. In addition, Trooper Malone testified that, as he was arriving on the scene, he saw Boxley "push off of" Trooper Butt, start to run away, and then turn and start firing at Trooper Butt. *Id.* at 226. Once Apache latched onto Boxley, Trooper Malone observed

Boxley "relocate[ ] his fire from Trooper Butt down to Trooper Apache." *Id.* He further clarified that Boxley "was firing shots at Apache." *Id.* The jury also viewed pictures of the location of the entrance and exit wounds on Apache's neck.

[9] The result of the jury carrying out its function of determining the weight of the evidence and the credibility of the witnesses is that it is free to believe whomever it wishes. *Klaff v. State*, 884 N.E.2d 272, 274 (Ind. Ct. App. 2008). Moreover, it is not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Drane v. State*, 867 N.E.2d 144, 147 (Ind. 2007). Here, the jury heard the testimony of Troopers Butt and Malone, determined the troopers' credibility, weighed that evidence with all the other evidence, and found Boxley guilty. Boxley's argument on appeal is simply an invitation for us to reweigh the evidence, and we cannot accept.

## Conclusion

[10] For the reasons stated, we conclude the State presented evidence sufficient to support Boxley's conviction of striking a law enforcement animal.

[11] Affirmed.

Brown, J., and Tavitas, J., concur.