Daniel J. CARR, Jr., Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 20A03–0302–CR–55.

Court of Appeals of Indiana.

Dec. 8, 2003.

Gregory Paul Kauffman, Hilgendorf & Kauffman, South Bend, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy At-

torney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

■ Appellant–Defendant Daniel J. Carr, Jr. ("Carr") appeals his conviction for sexual misconduct with a minor, a Class B felony.[1] We affirm.[2]

### Issue

Carr raises one issue, which we restate as whether Carr's fundamental right to a fair trial was violated when the judge did not recuse himself after indicating that he had previously represented Carr in an unrelated family matter.

### Facts and Procedural History

On October 1, 2001, the State charged Carr with one count of sexual misconduct with a minor. On October 19, 2001, the trial court conducted a bond reduction hearing, and the following discussion occurred:

> Court: Did I represent you in a dissolution of—or a paternity case at one time?
>
> Carr: Yes, sir.
>
> Defense: Do you have any objection with him being the judge in this case?
>
> Carr: No.
>
> Court: That would have been at least 15 years ago, would it not?
>
> Carr: Eleven, twelve.

> Court: I don't believe that that would interfere with my ability to be objective in this case, and I'm not going to recuse myself, but I will make that—on my own motion, I will make that fact known to the parties.
>
> Defense: Your Honor, my client has no objection to you being the Judge in this case.
>
> State: The State has no objection with regard to this matter at this time. I'll discuss the matter with Mr. Hill and—as to the long-term handling of the case, but I have no objection to-
>
> Court: If you're gonna [sic] file a motion for recusal, please do so promptly.
>
> State: Right.

Bond Red. Tr. 3. Neither party filed a motion for recusal, and after Carr proceeded to trial, the jury found him guilty.

On December 19, 2002, the trial court conducted Carr's sentencing hearing. After acknowledging the pre-sentencing report, the trial court again noted its prior representation of Carr, as follows:

> Court: I want to address one issue myself. Early on in this case I disclosed that I represented the defendant at one time in a domestic relations matter. And in that domestic relations matter, and some time ago, there were some allegations of child abuse. I offered at the time to recuse myself. Neither the State nor the defendant wished that I do so. I note that there were some references to that in some letters which I received from members of the defendant's family. I

---

1. IND.CODE § 35–42–4–9(a)(1). We note that the Chronological Case Summary entries in the Appendix indicate Carr was charged and convicted under Indiana Code Section 35–42–4–9(b)(2). However, the instructions given to the jury listed the elements of Indiana Code Section 35–42–4–9(a)(1), and our review of the record shows this to be the applicable

section. Neither party noted this issue in its briefs, nor did Carr include the charging information in the Appendix for our review.

2. We also grant the State's motion to strike pages 10–14 of the Appendix, as this material was not part of the record before the trial court. *See* Ind. Appellate Rule 50(B).

would not have continued as Judge in this case if I believed that my—my prior representation of the defendant would impact my decisions in this case either for or against the defendant. I still believe that, but nevertheless, should either party wish me to recuse, I will be happy to do so and I will name a panel from which a sentencing Judge can be chosen.

Defense: Your [H]onor, we would not be interested in that. We're—we're very content with you as the Judge in this matter.

State: No objection, Judge, of course.

Court: Very well. I want both sides to understand that my representation of the defendant, and this was some time ago, I would estimate 20 years ago, but I won't swear to that. May have been a little less than that. May have been a little more. Will not affect my—my decision in this case one way or another. Very well.

Sentencing Tr. 13. The trial court sentenced Carr to a presumptive 10–year term of imprisonment. This appeal ensued.

### Discussion and Decision

 Initially, we note that Carr failed to object or move for recusal after the trial court indicated its prior involvement with Carr. "Timeliness is important on recusal issues." *Tyson v. State*, 622 N.E.2d 457, 460 (Ind.1993) (Shepard, C.J., writing on recusal). A party may not lie in wait and only raise the recusal issue after receiving an adverse decision. *Id.* Thus, Carr has waived this issue.

 Waiver notwithstanding, the law presumes that a judge is unbiased in the matters that come before him. *Hammond v. State*, 594 N.E.2d 509, 514 (Ind.Ct.App. 1992). Absent a showing of actual prejudice, a judge's prior representation of a defendant in an unrelated civil matter does not mandate reversal of a conviction. *See id.* (prior representation in unrelated criminal matter did not warrant reversal).

 Here, Carr offers no evidence of prejudice, and we have discovered none upon our own review of the record. Instead, Carr focuses on Indiana Judicial Conduct Canon 3(E), which provides, "A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned...."[3]

The commentary to Canon 3(E) states, "A judge should disclose on the record information that the judge believes the parties or their lawyers might consider relevant to the question of disqualification, even if the judge believes there is no real basis for disqualification." This is precisely what the trial court did here, and neither Carr nor his counsel objected. As the representation of Carr involved an unrelated family law proceeding, we find no error. *See Hammond*, 594 N.E.2d at 514 (recusal not required based on prior representation of defendant in unrelated criminal matters).

Affirmed.

KIRSCH, J., and VAIDIK, J., concur.

---

**3.** Unlike the Model Code of Judicial Conduct, Indiana's Code of Judicial Conduct does not include a provision for the remittal of disqualification. *Southwood v. Carlson*, 704 N.E.2d 163, 167 (Ind.Ct.App.1999) (*citing Tyson*, 622 N.E.2d at 460).