## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 29 2020, 9:17 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Edward A. Grady, Jr.
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE
ROBERT E. KIRSCH

Curtis T. Hill, Jr.
Attorney General of Indiana

Natalie F. Weiss
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEES
MICHAEL M. YODER, PROBATE OF
ESTATE FOR EDWARD A. GRADY,
SR., THE DEKKO FOUNDATION,
ERICA DEKKO, TAD DEKKO, AND
PHIL SALSBERY

Michael M. Yoder
Kendallville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Edward A. Grady,

*Appellant-Petitioner,*

v.

Michael M. Yoder, Robert E. Kirsch, The Dekko Foundation, Erica Dekko, Tad Dekko, Phil Salsberry, Dean Kruse, The Kruse Foundation, JPMorgan Chase Bank,

*Appellees-Respondents,*

December 29, 2020

Court of Appeals Case No. 20A-CT-591

Appeal from the Noble Circuit Court

The Honorable Michael J. Kramer, Judge

Trial Court Cause No. 57C01-2001-CT-1

**Robb, Judge.**

# Case Summary and Issues

[1] Edward Grady filed a pro se complaint against nine defendants alleging they deprived him of his interests in shares of the Kendallville Bank and Trust and thereby violated Indiana law as well as two federal statutes. His complaint against five of the defendants was dismissed for failure to state a claim upon

which relief could be granted.[1]  Grady appeals, raising two issues for our review:  1) whether the trial judge who granted the dismissal should have recused from this case and 2) whether the trial court erred in dismissing his complaint.  Concluding the trial judge was not required to recuse and that dismissal was proper, we affirm.

# Facts and Procedural History

Grady's appeal raises issues that implicate not only this civil case, but also a prior criminal case and a post-conviction proceeding.  In 2008, Grady was convicted in Noble Superior Court of four counts of Class A felony child molesting and two counts of Class C felony child molesting.  Judge Robert E. Kirsch presided over the jury trial and sentenced him to 120 years.

> Grady contends that [while he was in prison] the Defendants, by false representations as to the financial condition of the former Kendallville Bank and Trust and the interests in the shares/stocks/interests in his name, induced [him] to sign a blank "Quit Claim Deed" in 2010.  It was not until early or mid 2015 when Grady began to suspect that he had been defrauded. Grady began to ask questions and do some research on his late father's . . . estate and the share holdings he had in the former Kendallville Bank and Trust (now JP Morgan Chase Bank, N.C. [sic]). . . .  In early 2019, Grady began to put his facts and complaint together.

---

[1] Separate dismissals were entered for two other defendants and the remaining two defendants have not been successfully served.

Brief of Appellant at 7-8 (record citations omitted).[2]

[3] Alleging "fraud, deception and trickery," Grady filed a civil complaint on January 3, 2020 in Noble Circuit Court. Appendix of Appellant at 17. The Honorable Michael Kramer is the judge of the Noble Circuit Court. Grady's complaint named the following defendants as part of this scheme: Judge Robert E. Kirsch; Michael Yoder, attorney for his father's estate; the Dekko Foundation; Erica Dekko, Tad Dekko, and Phil Salsbery, members of the Dekko Foundation's board of directors; the Kruse Foundation; Dean Kruse, president of the Kruse Foundation; and the Kendallville Bank and Trust (now JPMorgan Chase Bank, N.A.). The complaint alleged the defendants' actions deprived him of his interests in shares of the Kendallville Bank and Trust in 2010 and violated Indiana law as well as 42 U.S. Code sections 1983 and 1985.

[4] In the meantime, Grady had filed a petition for post-conviction relief in his child molesting case in Noble Superior Court in 2017. Judge Kirsch was still judge of the Noble Superior Court when Grady filed his petition for post-conviction relief. The post-conviction case was still pending when Grady filed his civil complaint in Noble Circuit Court. Although Judge Kirsch had previously denied a Motion for Change of Venue from Judge filed by Grady in the post-conviction case,[3] after the filing of Grady's civil complaint, Judge

---

[2] Citations to Grady's Brief of Appellant are based on the .pdf pagination.

[3] Grady filed this motion on December 16, 2019, and it was denied the same day. *See* App. of Appellant at 117, 120 (citation to the Appendix is based on the .pdf pagination). Grady alleges his complaint was

Kirsch reconsidered his earlier denial and granted the motion for change of judge on January 6, 2020. Judge Kramer was assigned by the Noble County Clerk as special judge in the post-conviction case.

[5] On January 27, 2020, JPMorgan Chase Bank, N.A., as the successor to Kendallville Bank and Trust, filed a notice of removal of the civil case to federal court. And on February 3, 2020, the United States District Court for the Northern District of Indiana dismissed the section 1983 and 1985 claims against all defendants for failure to state a claim upon which relief could be granted. The court dismissed the federal claims with prejudice and remanded to the trial court "for further proceedings on the State law claims." Appellee's Appendix, Volume 2 at 4. Back in the Noble Circuit Court, Judge Kirsch filed a motion to dismiss the remaining claims against him for failure to state a claim upon which relief could be granted. The same was granted on February 11, 2020. JPMorgan Chase Bank, N.A. was also granted a dismissal on that date. And finally, Michael Yoder, the Dekko Foundation, Erica Dekko, Tad Dekko, and Phil Salsbery (the "Dekko Foundation Defendants") sought a dismissal alleging Grady's claims for fraud were barred by the six-year statute of limitations and were not pleaded with specificity as required by Trial Rule 9(B) and therefore failed to state a claim upon which relief could be granted. Their motion was filed on February 20, 2020, and was granted the next day. Grady filed a Notice

submitted on December 17, 2019, although it was not file-marked until January 3, 2020. Regardless, the complaint was not filed until after Judge Kirsch had initially ruled on Grady's request for change of judge in his post-conviction case.

of Appeal on March 9, 2020, appealing only the February 21, 2020 dismissal of the complaint against the Dekko Foundation Defendants. *See* App. of Appellant at 84.

# Discussion and Decision

## I. Recusal

Grady first contends the order of dismissal was improper because Judge Kramer should have recused himself from presiding over this case. Grady alleges several reasons for recusal: that Judge Kramer was not duly appointed as a special judge in this case; that he had a conflict of interest because he was also presiding over Grady's post-conviction case; and that Judge Kramer showed actual bias against him by ruling on the motion to dismiss without allowing Grady to respond.[4]

With regard to Grady's claim that Judge Kramer was not "duly appointed" as a special judge in this case because Judge Kirsch "personally appointed [him] to preside over a case in which [Judge] Kirsch was a defendant[,]" Brief of Appellant at 10, Grady appears to have conflated his civil case with his post-

---

[4] We note that despite the fact Grady does not appeal the dismissal of his complaint as against Judge Kirsch, *see* Appellant's August 21, 2020 Request for the Court [of Appeals] to Take Judicial Notice at 2 (acknowledging that he is "no longer pursuing litigation against Judge Robert Kirsch"), the State entered an appearance and filed a brief on behalf of Judge Kirsch in this appeal. Although it does not appear the State needed to file a brief, and we need not address the order of dismissal in Judge Kirsch's favor which the bulk of the State's brief defends, we do appreciate that the State also addressed Grady's recusal argument, as the Dekko Foundation Defendants have not done so in their brief.

conviction case. Although Grady claims that when Judge Kirsch recused himself from the post-conviction case on January 6, he "also [recused himself] from Grady's civil complaint[,]" *see id.*, Grady's civil case was filed in the Noble Circuit Court of which Judge Kramer is the regular sitting judge. Judge Kramer has therefore been the judge presiding over the civil case since the day it was filed.

[8] Judge Kramer *is* the special judge of Grady's post-conviction case, but that appointment was made by the clerk of the Noble County Courts pursuant to local rule. Noble County Local Rule 57-TR-79(H)-5 states, "In the event of a change of judge resulting from . . . the judge disqualifying or recusing under Trial Rule 79(C), . . . then unless the parties agree to the appointment of a special judge pursuant to Trial Rule 79(D) the case will be randomly assigned by the clerk to one of the two other courts in Noble County in which the regular sitting judge of that court is not otherwise disqualified." And the Chronological Case Summary in Grady's post-conviction case affirms that is the procedure that was followed here. *See* Appellee's App., Vol. 2 at 13 (Chronological Case Summary entry for post-conviction proceeding stating, "The court reconsiders its prior denial of Petitioner's Motion for Change of Judge and now grants Petitioner's motion. *Pursuant to LR57-TR-79(H)-5* the Honorable Michael J. Kramer, Judge of the Noble Circuit Court, *is assigned by the clerk* as special judge.") (emphasis added). To the extent Grady argues Judge Kramer should recuse *in the post-conviction case*, that issue is not before us in this appeal from the civil case.

After Judge Kramer was appointed special judge in Grady's post-conviction case, creating what Grady now calls a conflict of interest, Grady did not file a motion for change of judge or otherwise object to Judge Kramer presiding over the civil case until this appeal. "Timeliness is important on recusal issues." *Carr v. State*, 799 N.E.2d 1096, 1098 (Ind. Ct. App. 2003) (quotation omitted). A party may not lie in wait to raise a recusal issue after receiving an adverse decision. *Id.* On more than one occasion we have held that a party has waived any argument regarding a judge's impartiality by failing to raise the issue in a timely manner. *See, e.g., id.* (holding defendant waived issue of whether his right to a fair trial was violated when trial judge did not recuse himself after indicating he had previously represented the defendant in an unrelated family law case when defendant did not object or move for recusal); *Booker v. State*, 741 N.E.2d 748, 757 (Ind. Ct. App. 2000) (holding defendant waived any issue concerning trial judge's decision not to recuse herself because he did not object when trial judge disclosed her husband represented the victim's father and uncle in another matter); *Southwood v. Carlson*, 704 N.E.2d 163, 167-68 (Ind. Ct. App. 1999) (holding plaintiff waived any objection to trial judge's alleged professional relationship with defendant-doctor by not raising it until after entry of judgment against him). Grady's argument that Judge Kramer should have recused in the civil case because he is now also presiding in the post-conviction case is therefore waived.

Waiver notwithstanding, the law presumes that a judge will be unbiased regardless of the matter that comes before him. *Carr*, 799 N.E.2d at 1098. To

rebut that presumption, the defendant must establish actual bias or prejudice that places him in jeopardy and makes a fair trial impossible. *Massey v. State*, 803 N.E.2d 1133, 1139 (Ind. Ct. App. 2004). Grady asserts Judge Kramer showed actual bias by not ensuring he received file-stamped copies of pleadings and specifically by ruling on the motion to dismiss without allowing him an opportunity to respond.[5] First, we note that the Chronological Case Summary shows in every instance that copies of pleadings and rulings were sent to "all parties." App. of Appellant at 8-11. Second, we note that the Dekko Foundation Defendants' motion to dismiss shows a copy was served on Grady. *Id.* at 78, 81. To the extent Grady did not receive his copies, that is likely due to the vagaries of jail mail, not a coordinated plan to keep court documents from him. As for Judge Kramer ruling on the motion to dismiss without waiting for a response, a trial court is not required to hold a hearing or to give a party an opportunity to respond before it grants a motion to dismiss pursuant to Rule 12(B)(6). *Browning v. Walters*, 620 N.E.2d 28, 32 (Ind. Ct. App. 1993). Accordingly, Grady has failed to establish actual bias that would warrant reversing the dismissal of his complaint.

---

[5] Grady argues the motion to dismiss did not clearly state whether it was filed under Trial Rule 12(B)(6) or 56(C) and argues he was entitled to thirty days to respond to a Trial Rule 56(C) motion. There is no question that the motion was a Trial Rule 12(B)(6) motion – the motion clearly states as grounds for dismissal that the complaint fails to state a claim for which relief can be granted and was accompanied by a supporting memorandum of law but no designated evidence. *See* App. of Appellant at 77-81. It is true that if matters outside the record are presented to and considered by the court, a Rule 12(B)(6) motion will be treated as a motion for summary judgment, *see* Ind. Trial Rule 12(B), but that did not occur here.

# II. Dismissal

The Dekko Foundation Defendants sought dismissal of Grady's complaint claiming it failed to state a claim upon which relief could be granted in that it was filed outside the statute of limitations and did not plead fraud with specificity. Grady contends the trial court erred in dismissing his complaint on either ground.

We apply a de novo standard of review to a trial court's ruling on a motion to dismiss for the failure to state a claim pursuant to Indiana Trial Rule 12(B)(6). *Bergal v. Bergal*, 153 N.E.3d 243, 251 (Ind. Ct. App. 2020). "A motion to dismiss under Rule 12(B)(6) tests the legal sufficiency of a complaint: that is, whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief." *Trail v. Boys & Girls Clubs of Northwest Ind.*, 845 N.E.2d 130, 134 (Ind. 2006).

A court should accept as true the facts alleged in the complaint and should not only consider the pleadings in the light most favorable to the plaintiff, but also draw every reasonable inference in favor of the nonmoving party. *Lei Shi v. Cecilia Yi*, 921 N.E.2d 31, 37 (Ind. Ct. App. 2010). The court need not accept as true conclusory, nonfactual assertions or legal conclusions. *Richards & O'Neil, LLP v. Conk*, 774 N.E.2d 540, 547 (Ind. Ct. App. 2002).

## A. Statute of Limitations

The Dekko Foundation Defendants asserted that Grady's complaint failed to state a claim because it was barred by the six-year statute of limitations for

fraud. When a complaint shows on its face that the statute of limitations has run, the defendant may file a Trial Rule 12(B)(6) motion. *Chenore v. Plantz*, 56 N.E.3d 123, 126 (Ind. Ct. App. 2016). Grady concedes fraud has a six-year statute of limitations, *see* Ind. Code § 31-11-2-7(4), but argues it should not have begun to run until he discovered the fraud, which he allegedly did in 2015 at the earliest.

[15] In assessing the accrual of a cause of action for fraud, the discovery rule is applicable. *Estates of Kalwitz v. Kalwitz*, 717 N.E.2d 904, 914 (Ind. Ct. App. 1999). The cause of action accrues and the statute of limitations begins to run when the plaintiff knew or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of another. *Id*. When ruling on a motion to dismiss, the court must limit its review to the face of the pleadings. *Schlosser v. Bank of W. Ind.*, 589 N.E.2d 1176, 1178 (Ind. Ct. App. 1992).

[16] Although Grady avers *now* that "it was not until mid to late 2015 that he began to suspect that a fraud had taken place[,]" Br. of Appellant at 17, his *complaint* alleges only that he was induced to sign the allegedly fraudulent quitclaim deed in 2010. *See* App. of Appellant at 15. Thus, on its face, the complaint does not allege facts that would toll the statute of limitations from beginning to run in 2010. Grady could have amended his complaint within ten days to plead facts in avoidance of the statute of limitations. Ind. Trial Rule 12(B); *Chenore*, 56 N.E.3d at 126. The opportunity to amend is automatic. *See Platt v. State*, 664 N.E.2d 357, 361 (Ind. Ct. App. 1996), *trans. denied*, *cert. denied*, 520 U.S. 1187

(1997). Instead, he filed a notice of appeal and pursued this appeal,[6] during which he has for the first time alleged that his complaint was filed within six years of his discovery of the fraud. But limiting our review to the facts alleged in Grady's complaint and accepting them as true, the statute of limitations has run, and the trial court did not err in dismissing the complaint.

## B. Pleading Requirements

[17] Although the complaint was properly dismissed because of the statute of limitations, we briefly address the other ground on which the Dekko Foundation Defendants moved for dismissal. Under Indiana Trial Rule 9(B), "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be specifically averred. Malice, intent, knowledge, and other conditions of mind may be averred generally." This means that, generally, "to allege fraud sufficiently, the pleadings must state the time, the place, the substance of the false representations, the facts misrepresented, and identification of what was procured by fraud." *Kapoor v. Dybwad*, 49 N.E.3d 108, 120 (Ind. Ct. App. 2015) (quotation omitted), *trans. denied*. A pleading

---

[6] Although not raised by the parties, we note that Grady indicated in his Notice of Appeal that he was appealing from a final judgment as defined by Appellate Rule 2(H). However, from the record before us, it would appear that the case is still active as against the Kruse Foundation and Dean Kruse, as no dispositive motions have been filed and granted as to those parties. Thus, although the Kendallville Bank and Trust and Judge Kirsch had been previously dismissed, the order dismissing the Dekko Foundation Defendants did not dispose of all claims as to all parties, nor does it meet the criteria of subdivisions 2 through 5 of Rule 2(H) for being considered a final judgment.

which fails to comply with the specificity requirements of Trial Rule 9(B) does not state a claim upon which relief can be granted. *Id.*

[18] Grady's complaint alleges:

> [T]he Defendants, by false representations as to the financial condition of the Kendallville Bank and Trust and the interests in the shares/stocks/interests in his name, induced [him] to sign a blank "Quit Claim Deed" to accept zero amount of the stock instead of the amount he was entitled to[.]

App. of Appellant at 15. He does not, however, state which of the defendants was alleged to have made fraudulent representations, the method used to make the representations or the nature of what was represented, or how, even if he was fraudulently induced to sign a quitclaim deed, that resulted in his loss of shares. "[A] plaintiff claiming fraud must fill in a fairly specific picture of the allegations in the complaint because Rule 9(B) requires some means of injecting precision and some measure of substantiation[.]" *State ex rel. Harmeyer v. Kroger Co.*, 114 N.E.3d 488, 495 (Ind. Ct. App. 2018) (cleaned up), *trans. denied*. Grady's complaint does not paint a "fairly specific picture" of what occurred and does not provide defendants with sufficient information to enable them to prepare a defense to Grady's claim of fraud. As with the statute of limitations, Grady would have been permitted to amend his complaint to plead with more specificity but eschewed that opportunity in favor of an immediate appeal. Grady's complaint did not meet the specificity requirement of Trial Rule 9(B) and the trial court did not err in dismissing the complaint on this basis.

# Conclusion

The trial judge was not required to recuse himself and properly dismissed Grady's complaint for failure to state a claim upon which relief could be granted against the Dekko Foundation Defendants. The judgment of the trial court is affirmed.

Affirmed.

Crone, J., and Brown, J., concur.